**Jeffery HARDY, Plaintiff,**

v.

**The TOWN OF HAYNEVILLE, Chief Edward Boyd, in his official and individual capacities, Clete Davis, in his official and individual capacities, and Mayor Joe Eddie Morgan, in his official and individual capacities, Defendants.**

No. Civ.A. 99–A–86–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 1, 1999.

Opinion on Reconsideration
June 8, 1999.

Arlene M. Richardson, Hayneville, AL, for Jeffery Hardy, plaintiff.

William R. Chandler, Bart Gregory Harmon, Webb & Eley, P.C., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

This cause is before the court on the following motions, all filed on January 29, 1999:(1) Motion to Dismiss of Defendant Town of Hayneville; (2) Motion to Dismiss of Defendant Chief of Police Edward Boyd; (3) Motion for Partial Dismissal of Claims against Defendant Clete Davis; and (4) Motion to Dismiss of Defendant Mayor Joe Eddie Morgan. Plaintiff filed a response on February 19, 1999. Defendants filed a Consolidated Reply on February 26, 1999, at which time this matter came under submission.

### II. MOTION TO DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) ("[W]e may not . . . [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief.") (citation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229. Furthermore, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).

### III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

On or about July 28, 1998, Plaintiff Jeffery Hardy stood in front of the Red and White Grocery store in Hayneville, Alabama. With permission from storeowner Robert Harrell, Mr. Hardy was preaching the gospel and greeting people as they entered the store. Mr. Hardy was not obstructing the flow of traffic, nor was he harassing store customers.

Officer Clete Davis, an employee of the Town of Hayneville Police Department, made an investigatory stop in the parking lot of the Red and White Grocery Store. He observed Mr. Hardy talking to two store patrons. Without probable cause or reasonable suspicion, Officer Davis interrupted the conversation and told Mr. Hardy to leave the premises. Mr. Hardy asked why he had to leave, and Officer Davis did not respond. Mr. Hardy then proceeded to the back of the store to in-

form the storeowner that the officer was trying to make him leave.

Officer Davis followed Mr. Hardy to the back of the store, where he assaulted Mr. Hardy and battered him about the head and back. Officer Davis threw Mr. Hardy to the ground and struck his wrists repeatedly with unopened handcuffs while jamming his knee into Mr. Hardy's back. Officer Davis then placed Mr. Hardy under arrest, took him to the front of the store, opened the door to the police car, and kicked Mr. Hardy into the back seat. Mr. Hardy did not resist arrest, and Officer Davis never informed Mr. Hardy of the reasons for his arrest. Officer Davis transported Mr. Hardy to the county jail. Officer Davis charged Mr. Hardy with Failure to Obey a Police Officer and Resisting Arrest. Mr. Hardy subsequently was acquitted of both charges.

On or about August 15, 1998, the Council for the Town of Hayneville held a meeting to determine the employment status of Officer Davis. Chief of Police Edward Boyd recommended that Officer Davis be terminated. The council brought in witnesses in support of Officer Davis's continued employment, as well as witnesses to the assault and battery on Mr. Hardy. Mr. Hardy also was asked to attend the meeting. The council thereafter called an "Executive Session" and voted, in a secret proceeding, to retain Officer Davis. Mr. Hardy claims that the council's decision caused him severe emotional distress and an overwhelming fear of going out in public to preach the gospel.

Mr. Hardy has asserted numerous claims based on the Defendants' alleged conduct. Specifically, he alleges federal claims for deprivation of civil rights in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, unlawful arrest in violation of the Fourth and Fourteenth Amendments, false imprisonment in violation of the Sixth and Fourteenth Amendments, and viola-

tion of his First Amendment right to free speech. Additionally, Mr. Hardy asserts state law claims for assault and battery, false imprisonment, malicious prosecution, negligent hiring, intentional infliction of emotional distress, and wantonness. Defendant Clete Davis agrees that Plaintiff has stated a First and Fourth Amendment claim against him in his individual capacity, but requests that all other claims against him be dismissed. The other Defendants assert that all claims against them should be dismissed.

## IV. *DISCUSSION*

### A. Claims Under 42 U.S.C. § 1983

■■■ Plaintiff has sued the Town of Hayneville, Police Chief Edward Boyd, Clete Davis, and Mayor Joe Eddie Morgan under 42 U.S.C. § 1983. Section 1983 is not a source of federal rights. It is merely a means for vindicating constitutional and federal statutory rights, a means for an injured party to sue state officials who infringe upon those rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). In any section 1983 lawsuit, the plaintiff must initially show that he was "deprived ... of a right secured under the Constitution or federal law" in order to recover. *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.1993), cert. den. 510 U.S. 976, 114 S.Ct. 468, 126 L.Ed.2d 420 (1993).[1] Plaintiff asserts that the conduct of the Defendants violated his constitutional rights secured by the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

### 1. Official Capacity

■■■ Plaintiff sued Edward Boyd, Clete Davis, and Joe Eddie Morgan in their individual and official capacities. Defendants correctly note that the claims against the individual Defendants in their

---

1. Plaintiff must also show that Defendants acted under color of state law. Here, that

issue is not contested.

official capacities are treated as claims against the city. The Supreme Court has stated, "Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (citations omitted).

■ The Court further noted, "There is no longer a need to bring official-capacity actions against local government officials, for ... local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167 n. 14, 105 S.Ct. 3099; *see also Pompey v. Broward County*, 95 F.3d 1543, 1545 n. 2 (11th Cir.1996) (citing *Kentucky v. Graham* and treating claims against county administrators in their official capacity as claims against the county). Thus, the court finds that the Plaintiffs § 1983 claims against the individual defendants in their official capacities are due to be dismissed.

## 2. Sixth Amendment

■ The Plaintiff has brought a claim for violation of the Sixth Amendment. The Plaintiff alleges that Defendant Davis detained him against his constitutional right to be informed of the nature and cause of the accusation against him in violation of the Sixth and Fourteenth Amendments. Compl. ¶ 36. The Defendants move for the dismissal of this claim, arguing that the Sixth Amendment has no applicability under the facts in this case.

The Sixth Amendment of the United States Constitution requires that in every criminal prosecution the accused shall be informed of the nature and cause of the accusation against him or her. U.S. Const. amend. VI. "The Supreme Court has emphatically ruled that the Sixth Amendment is not implicated until adversarial judicial proceedings have been initiated." *Little v. City of North Miami*, 805 F.2d 962, 967

(11th Cir.1986) (citing *United States v. Gouveia*, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984)). The Supreme Court has identified five specific "adversary judicial criminal procedures"—a formal charge, preliminary hearing, indictment, information, or arraignment—which are starting points. *See Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) (plurality opinion) (Stewart, J.) (cited in *United States ex rel. Hall v. Lane*, 804 F.2d 79, 82 (7th Cir. 1986)).

In the present case, Mr. Hardy asserts that Officer Davis arrested him and detained him in the county jail without informing him of the nature and cause of the accusations against him. Compl. ¶¶ 13, 14, 36. Mr. Hardy also states that he "was subsequently charged by Officer Davis with Failure to Obey a Police Officer and Resisting Arrest," the two charges for which he was prosecuted and acquitted. Compl. ¶ 15. Though Mr. Hardy may not have a Sixth Amendment right to notice of the charges against him at the time of arrest, *see, e.g., Kladis v. Brezek*, 823 F.2d 1014, 1018 (7th Cir.1987); *Martin v. Malhoyt*, 830 F.2d 237, 260–61 (D.C.Cir.1987), it is not clear from the factual allegations in the Complaint whether Mr. Hardy was informed of the nature and cause of the accusations against him before or after "adversarial judicial proceedings" had been initiated against him. Therefore, at this stage, Mr. Hardy has stated a Sixth Amendment claim against Defendant Clete Davis.

## 3. Fifth Amendment

■ The Defendants move for dismissal of the Plaintiff's Fifth Amendment claim on the ground that none of the Defendants is a federal actor. The Plaintiff's response to this argument is that local governments may be sued on the basis of a governmental custom. While this general proposition is true, the existence or nonexistence of a custom on the part of a

municipality is not the basis upon which Fifth Amendment protections are applied.

The Fifth Amendment restricts the activity of the federal government. It is undisputed that the actors in this case were municipal, not federal, actors. Therefore, the Plaintiff's Fifth Amendment claims are unfounded and are due to be dismissed. *See, e.g., Arrington v. Dickerson*, 915 F.Supp. 1503, 1507. n. 3 (M.D.Ala. 1995); *Patterson v. Fuller*, 654 F.Supp. 418, 421 (N.D.Ga.1987). The allegations upon which the Plaintiff seeks to proceed as a Fifth Amendment claim can, however, form the basis for other constitutional claims, rather than a Fifth Amendment due process claim.

### 4. Eighth Amendment

 The Plaintiff brings a claim under the Eighth Amendment, alleging that he suffered grievous bodily harm and extreme pain and emotional distress because of Defendant Davis's actions. Complaint ¶ 27. The Defendants respond by arguing that the protections of the Eighth Amendment only apply to convicted criminals.

The Plaintiff cites this court to *Commonwealth of Penn. v. Porter*, 480 F.Supp. 686 (W.D.Pa.1979), for the proposition that an Eighth Amendment claim can be brought by a pre-trial detainee. Under the law of the Eleventh Circuit, however, in cases involving an arrest, investigatory stop, or other "seizure" of a free citizen, the "reasonableness" standard of the Fourth Amendment must apply. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *see also Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1425 n. 6 (11th Cir.1997) (stating that a government official's treatment of a pre-trial detainee is governed by the due process clause of the Fourteenth Amendment, while the Eighth Amendment applies to treatment of a convicted prisoner); *United States v. Myers*, 972 F.2d 1566, 1571 (11th Cir.1992) ("It is beyond cavil that the Eighth Amendment applies only after a prisoner is convicted."). Accordingly, because the Plaintiff in this case challenges his treatment during his arrest

and pre-trial detention, the Plaintiff's Eighth Amendment claims are due to be dismissed. The allegations which form the basis of this claim support claims brought under the Fourth Amendment rather than the Eighth Amendment.

### 5. Fourteenth Amendment Substantive Due Process

 "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). A substantive due process analysis is inappropriate if a plaintiff's claim is covered by the Fourth Amendment. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). Because the Plaintiff's contentions are that excessive force was used in the course of an arrest, the Fourth Amendment applies, and the substantive due process clause of the Fourteenth Amendment does not. *Cf. Wilson v. Northcutt*, 987 F.2d 719 (11th Cir.1993) (limiting *Graham* only in specific cases by holding "a non-seizure Fourteenth Amendment substantive due process claim of excessive force survives *Graham*.") Accordingly, the Plaintiff's substantive due process claim based on excessive force in the course of his arrest is due to be dismissed.

### 6. First, Fourth, and Sixth Amendment Claims

#### a. Claims against Clete Davis

Defendant Clete Davis acknowledges that Mr. Hardy has stated a First and Fourth Amendment claim against him in his individual capacity. In addition, the court has determined that Plaintiff has stated a Sixth Amendment claim against Defendant Davis. All other Defendants

seek dismissal of the First, Fourth, and Sixth Amendment claims against them.

### b. Liability of the Town of Hayneville Under § 1983

 Local governmental bodies such as school boards, counties, and municipalities are persons within the meaning of section 1983 and can be held accountable for deprivations of federally protected rights. *See Monell v. Department of Social Servs.,* 436 U.S. 658, 689, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). While municipalities are persons within the meaning of Section 1983, liability does not rest on a respondeat superior theory. *Oklahoma City v. Tuttle,* 471 U.S. 808, 817–18, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). Vicarious liability does not operate in Section 1983 suits. Instead,

> [l]ocal governments are directly liable under § 1983 ... for constitutional deprivations resulting from (1) an unconstitutional action taken pursuant to an officially promulgated policy statement, decision, regulation or ordinance; or (2) governmental custom, even though not authorized by written law.

*Martinez v. City of Opa–Locka, Fla.,* 971 F.2d 708, 713 (11th Cir.1992) (citing *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018 (1978)).

 Therefore, to attribute liability to a municipality under section 1983, a plaintiff must demonstrate that the constitutional violation at issue was caused by an official policy or custom of the municipality. *See Monell,* 436 U.S. at 694, 98 S.Ct. 2018. The plaintiff must also demonstrate that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Board of County Commissioners v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Thus, the plaintiff "must show that the municipal action was taken with the requisite degree of culpability and must

demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown,* 520 U.S. at 404, 117 S.Ct. 1382.

Plaintiff alleges in Count Two of the Complaint that Defendant Town of Hayneville violated his constitutional rights by failing to provide training and supervision regarding the lawful use of force upon a citizen, knowingly failing to enforce the laws of the state of Alabama and regulations of the Hayneville Police Department pertaining to the use of force, retaining Officer Davis despite the recommendation of Chief Boyd, and hiring Officer Davis even though the town and Chief of Police were aware, or should have been aware, of Officer Davis's past history of using excessive force. Compl. ¶¶ 30–31.

 Inadequate police training by a municipality can rise to the level of a 'policy or custom' that is actionable under § 1983 where the failure to train amounts to 'deliberate indifference' to the rights of persons in the jurisdiction. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 1205, 103 L.Ed.2d 412 (1989). Defendants correctly note that, to establish "deliberate indifference" in this context, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998).[2] The Supreme Court set forth the following standard applicable to claims based on a failure to investigate an employee's background:

> A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision. Only where adequate scrutiny of an appli-

---

**2.** The court notes that in *Gold,* the circuit court was reviewing a denial of judgment as a matter of law, and thus could look to evidence outside the pleadings. Here, the Defendants have moved for dismissal of Plaintiff's claims.

The court accepts all allegations in the complaint as true, and thus, to survive this motion, the Plaintiff need not adduce any evidence in support of his allegations.

cant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute "deliberate indifference."

*Brown,* 520 U.S. at 411, 117 S.Ct. 1382. In *Brown,* the court held that while evidence that an applicant pleaded guilty to traffic offenses and other misdemeanors may have made him a poor candidate as a deputy, the municipality could not be held liable for deliberate indifference unless the plaintiff demonstrated that the decision to hire "reflected conscious disregard of an obvious risk" that the officer would use excessive force in violation of the plaintiff's federally protected right. *Id.* at 414–15, 117 S.Ct. 1382.

█ In the present case, Mr. Hardy asserts that Chief Edward Boyd and the Town of Hayneville failed to provide training on the lawful use of force. Compl. ¶ 30. He further contends that the Defendants have created "an atmosphere of lawlessness in which police officers employ excessive and illegal force and violence including deadly force, in the belief that such acts will be condoned and justified by their superiors." Compl. ¶ 31. Plaintiff also asserts that the Town of Hayneville and Chief Edward Boyd knew, or should have known, that Officer Clete Davis took part in the beating death of a Montgomery County prisoner. Compl. ¶¶ 31, 44. Based on the Supreme Court's discussion of "deliberate indifference" in *Harris* and *Brown,* such allegations are sufficient to state a claim for imposition of liability on the Town of Hayneville for violation of Plaintiff's Fourth Amendment rights.

█ Mr. Hardy has stated a Fourth Amendment claim against the Town of Hayneville based on his allegations concerning the hiring of Officer Davis and the town's failure to provide adequate training regarding the lawful use of force. Mr. Hardy has not, however, identified any policy or custom which would give rise to municipal liability for the alleged deprivation of his First or Sixth Amendment rights. Failure to provide training on the lawful use of force does not reflect "deliberate indifference" to the Plaintiff's First Amendment right of free speech or Sixth Amendment right to notice of the nature and cause of the accusations against him. Similarly, the decision to hire an officer with an alleged past history of excessive force does not reflect a conscious disregard of an obvious risk that the officer would violate Plaintiff's First or Sixth Amendment rights. Accordingly, the claims under the First and Sixth Amendments against Defendant Town of Hayneville are due to be dismissed.

█ To the extent that Mr. Hardy asserts constitutional claims based on the town council's decision to retain Officer Davis, those claims must fail. To establish municipal liability, Mr. Hardy must demonstrate "a direct causal link between the municipal action and the deprivation of federal rights." *Brown,* 520 U.S. at 404, 117 S.Ct. 1382. The town council made the decision to retain Officer Davis after the incident which gave rise to Plaintiff's alleged constitutional injuries. Therefore, there is no direct causal link between the council's decision to retain Officer Davis and the deprivation of Plaintiff's federal rights. The town council's decision to retain Officer Davis does not give rise to liability for the constitutional deprivation alleged in this case.

**c. Liability of Edward Boyd and Joe Eddie Morgan**

█ Plaintiff asserts claims under section 1983 against Chief of Police Edward Boyd and Mayor Joe Eddie Morgan in their individual capacities, based on their supervisory positions. For a supervisor to be liable under section 1983, his liability must be based on something more than the theory of respondeat superior. *Braddy v. Florida Dep't of Labor and Employment Security,* 133 F.3d 797, 801

(11th Cir.1998). "Supervisor liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Id.* (quoting *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)). The necessary causal connection "can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [she] fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Id.* at 802. The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is "extremely rigorous." *Id.*

Mr. Hardy's claims against Chief of Police Edward Boyd stem from Chief Boyd's role in hiring Officer Davis and allegedly failing to provide adequate training and supervision on the lawful use of force. The claims against Mayor Joe Eddie Morgan apparently address Mayor Morgan's responsibility in the hiring of Officer Davis, as well as his role in the decision to retain Officer Davis after the incident with Mr. Hardy. Neither Edward Boyd nor Joe Eddie Morgan personally participated in the alleged constitutional violation. Therefore, Mr. Hardy must show a causal connection between the actions of these individual Defendants and the alleged constitutional deprivation.

■ Even assuming Mr. Hardy has stated a claim under section 1983 against Edward Boyd and Joe Eddie Morgan, both individual Defendants are entitled to qualified immunity.[3] Qualified immunity is designed to allow government officials to avoid the expense and disruption of going to trial, and is not merely a defense to liability. *Ansley v. Heinrich,* 925 F.2d 1339, 1345 (11th Cir.1991). The Supreme Court has referred to the qualified immunity analysis as the "objective-reasonableness" test. *Harlow v. Fitzgerald,* 457 U.S. 800, 815–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). An official is entitled to qualified immunity if he is performing discretionary functions and his actions do " 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Lancaster v. Monroe County, Ala.,* 116 F.3d 1419, 1424 (11th Cir.1997).

■ An official may show that an act was within his discretionary authority merely by showing that the acts "(1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.' " *Jordan v. Doe,* 38 F.3d 1559, 1566 (11th Cir.1994). It cannot be seriously contested that decisions concerning hiring, training, and supervision of officers fall within the discretionary authority of the Chief of Police. Similarly, making employment decisions in the Town of Hayneville would fall within the discretionary authority of the Mayor.[4]

■ Defendants Edward Boyd and Joe Eddie Morgan have asserted the defense of qualified immunity in a Rule 12(b)(6) motion to dismiss, and they are entitled to qualified immunity at this stage in the proceedings if the Plaintiffs complaint fails to allege a violation of a clearly established constitutional right. *Santamorena v. Georgia Military College,* 147 F.3d 1337, 1340 (11th Cir.1998). To overcome this immunity, a plaintiff has the burden of "pointing to case law which predates the official's alleged improper con-

---

3. The court does not decide whether Mr. Hardy has properly stated a claim against these individual Defendants. It is unnecessary for the court to reach that decision because Defendants Boyd and Morgan are entitled to qualified immunity regardless of whether Plaintiff has stated a claim against them.

4. Any constitutional claims which Mr. Hardy asserts against Mayor Joe Eddie Morgan for participating in the decision to retain Officer Davis fail because Mr. Hardy cannot establish the necessary causal link. *See supra* p. 1188 of this Opinion.

duct, involves materially similar facts, and truly compels the conclusion that the plaintiff had a right under federal law." *Id.* When considering whether the law applicable to certain facts is clearly established, the facts of the case need not be the same, but must be materially similar. *Id.* at 1339. Only in exceptional cases are the words of a federal statute or constitutional provision specific enough, or the general constitutional rule already identified in decisional law so clearly applicable, so that specific case law is not required. *See id.* at 1339 n. 6. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Lassiter v. Alabama A & M Univ., Bd. of Trustees,* 28 F.3d 1146, 1150 (11th Cir.1994) (internal quotations and citations omitted).

The only case authority which the Plaintiff cites in opposition to Defendants' claimed entitlement to qualified immunity is that section 1983 provides a right of action for persons arrested without probable cause. *See* Response to Defendants Motion to Dismiss (File Doc.10), at 3–5. Mr. Hardy's claims against Defendants Boyd and Morgan, however, address the Defendants' alleged deliberate indifference in hiring and training Officer Davis. It is not apparent from the Complaint or submissions of the parties when Defendants Boyd and Morgan hired Officer Davis, which would be the relevant period of time for determining whether there was a clearly established constitutional right. Plaintiff has not cited any case law which "truly compels the conclusion" that Plaintiff had a constitutional right which Defendants Boyd and Morgan abridged.

This court recently granted qualified immunity to a supervisor with respect to claims brought pursuant to section 1983 alleging his failure to investigate the background of an officer. *See Raby v. Baptist Medical Center,* 21 F.Supp.2d 1341, 1360 (M.D.Ala.1998). In *Raby,* the court found that the plaintiff had created a question of fact as to the excessive use of force by an officer in shooting an arrestee. *See id.* at 1348. The court also found a question of fact regarding the liability of the medical center and supervisor who hired the officer, based on deliberate indifference under *Brown. See id.* at 1354. There was evidence that the supervisor who hired the officer knew that the officer had been terminated by the Montgomery Police Department, that the Police Department would not rehire the officer, and that complaints had been made against the officer. In addition, there was evidence that the supervisor had access to the personnel files of the officer from his service with the Montgomery Police Department, and that those records indicated aggressive behavior and the alleged use of excessive force. *See id.* at 1353–54.

Although the court allowed claims against the hiring entity to proceed, the court granted qualified immunity to the supervisor. After reviewing Eleventh Circuit case law applicable to claims based on inadequate screening of an officer's background, the court found no "bright line necessary to delineate the concrete circumstances in which officials will violate the Constitution." *See id.* at 1360 (quoting *Santamorena,* 147 F.3d at 1340). The court noted additionally that "deliberate indifference determinations, unlike questions of excessive use of force, have not been so clearly defined so as to be obviously applicable without case law with substantially similar facts." *Id.* at 1360. As a result, the court concluded that "a reasonable official in [the supervisor's] position would not have known that his failure to further investigate [the officer's] background violated Constitutional rights." *Id.*

In the present case, the Plaintiff has alleged that Defendants Boyd and Morgan violated his constitutional rights by hiring Officer Davis because they knew, or should have known, that Officer Davis had been involved in the beating death of an inmate. This court finds that Defendants Boyd and Morgan are entitled to qualified immunity. Plaintiff has not offered case law with substantially similar facts which would provide

the bright line necessary to negate Defendants' entitlement to qualified immunity. Reasonable officials in the position of Defendants Boyd and Morgan would not have known that their actions violated Constitutional rights.

In sum, Plaintiff may proceed with his section 1983 claim based on the Fourth Amendment against the Town of Hayneville, but Defendants Boyd and Morgan in their individual capacity are entitled to qualified immunity against that claim. As the court held in *Raby*:

> While it may seem somewhat counterintuitive for the deliberate indifference standard to be satisfied for purposes of holding Baptist Medical Center liable on the basis of Alford's actions, but not to be clearly established in order to defeat Alford's qualified immunity, such a conclusion stems from the purposes of qualified immunity. That is, the question of whether or not an official is entitled to claim immunity from suit in his or her individual capacity based on policy concerns is a separate question from the question of whether his or her acts violated a constitutional right.

*Id.* at 1360 (citation omitted).

### B. State Law Claims

Mr. Hardy asserts the following six state law claims: Count I—Assault and Battery; Count IV—False Imprisonment; Count V—Malicious Prosecution; Count VI—Negligent Hiring; Count VIII—Intentional Infliction of Emotional Distress; and Count XIV—Wantonness. Defendants contend that they are entitled to immunity on these claims under either the statutory limitation on municipal liability or discretionary function immunity.

### 1. Liability of the Town of Hayneville under State Law

Plaintiff asserts that the Town of Hayneville is liable for all six of his state law claims. The Town of Hayneville contends that Mr. Hardy's state law claims are due to be dismissed on the basis of section 11–47–190 of the Alabama Code. That section provides in relevant part:

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line and scope of his duty....

Where a plaintiff alleges a factual pattern that demonstrates "neglect, carelessness, or unskillfulness," the plaintiff has stated a cause of action under section 11–47–190. *See, e.g., Franklin v. City of Huntsville,* 670 So.2d 848, 852 (Ala.1995). The statute specifically provides for liability for municipalities if the claims supporting such liability are based on negligence of a municipal agent, officer or employee. *See, e.g., Rich v. City of Mobile,* 410 So.2d 385, 387 (Ala.1982) ("A municipality ... is generally chargeable with the negligence of its employees acting within the line and scope of their employment."); *see also Williams v. City of Montgomery,* 21 F.Supp.2d 1360, 1368–69 (M.D.Ala.1998).

Count V of Plaintiff's Complaint states a claim for malicious prosecution. A malicious prosecution action cannot lie against a municipality, because a municipality cannot be deemed to act with malice. *Franklin,* 670 So.2d at 850 (citing *Neighbors v. City of Birmingham,* 384 So.2d 113 (Ala.1980)). Similarly, Count VIII of Plaintiff's Complaint states a claim for intentional infliction of emotional distress. Intentional infliction of emotional distress, as the name indicates, involves intentional conduct, and thus the city may not be held liable.

Count XIV of the Complaint states a claim for wantonness. The Alabama Code defines "wantonness" as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala.Code § 6–11–20(b)(3). The Alabama Supreme Court has cited the following definition of wantonness: "the conscious doing of some act or the omission of some duty, while know-

ing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Bozeman v. Central Bank of the South,* 646 So.2d 601, 603 (Ala.1994) (per curiam). Because proof of wantonness requires evidence of a reckless or conscious disregard of the rights and safety of others, section 11–47–190 insulates the Town of Hayneville from liability for wantonness.

On the other hand, the city may be held liable for negligent hiring, which Mr. Hardy asserts in Count VI of his Complaint. *See Couch v. City of Sheffield,* 708 So.2d 144, 154 (Ala.1998) (noting that a city has immunity under § 11–47–190 with respect to state law claims based on allegations of wanton or intentional conduct, but not with respect to allegations of negligence in failing to train, supervise, and discipline an employee).

Count IV states a claim for false imprisonment. False imprisonment "consists in the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." Ala.Code § 6–5–170 (1975). For there to be a false imprisonment, "there must be some direct restraint of the person; however, it is not necessary that there be confinement in a jail or a prison. Any exercise of force, or the express or implied threat of force, by which in fact the other person is deprived of his liberty, compelled to remain where he does not wish to remain, or to go where he does not wish to go, is an imprisonment." *Big B, Inc. v. Cottingham,* 634 So.2d 999, 1001 (Ala.1993). In *Franklin v. City of Huntsville,* 670 So.2d 848, 852 (Ala.1995), the Alabama Supreme Court expressly held that a municipality is not immune from a claim of false arrest and imprisonment under section 11–47–190. Therefore, the Town of Hayneville may be held liable for false imprisonment, so long as the alleged tort arose from "neglect, carelessness, or unskillfulness."

Count I of the Complaint states a claim for Assault and Battery. The Alabama Supreme Court defined "assault" as "[a]n intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a well-founded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented." *Wright v. Wright,* 654 So.2d 542, 544 (Ala.1995). A battery "consists of the touching of another in a hostile manner." *Id.* (citing *Surrency v. Harbison,* 489 So.2d 1097 (Ala.1986)).

Plaintiff asserts that Officer Davis acted unskillfully when he arrested Mr. Hardy without probable cause and used excessive force. Compl. ¶ 22. Mr. Hardy also asserts that Officer Davis acted maliciously, willfully, and in bad faith when he made the unlawful arrest. Compl. ¶ 21. In *Franklin,* the Alabama Supreme Court stated, "As 'unskillful' is used in § 11–47–190, it means 'lacking in skill or proficiency'.... An assault and battery committed ... because 'unskilled,' would be a negligent assault and battery because it would fall below that response which a skilled or proficient officer would exercise in similar circumstances." *Franklin,* 670 So.2d at 852 (quoting *City of Birmingham v. Thompson,* 404 So.2d 589, 592 (Ala.1981)). Thus, to the extent that Mr. Hardy asserts his assault and battery resulted from the unskillfulness of Officer Davis, he has stated a claim against the Town of Hayneville.

In sum, section 11–47–190 provides immunity to the Town of Hayneville for Mr. Hardy's state law claims of malicious prosecution, intentional infliction of emotional distress, and wantonness. Those claims accordingly are due to be dismissed. Section 11–47–190 does not, however, immunize the city from liability for Mr. Hardy's claims of negligent hiring, false imprisonment, and assault and battery, so long as Mr. Hardy demonstrates that the alleged torts resulted from "neglect, carelessness, or unskillfulness."

Defendant Town of Hayneville also asserts that it is entitled to statutory discretionary function immunity. The Town

offers two theories in support of this contention. First, the Town of Hayneville contends that section 6–5–338(b) of the Alabama Code expressly grants statutory discretionary function immunity to municipalities. That section states in part, "This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers." [5] Ala.Code § 6–5–338(b). The Alabama Supreme Court has addressed any limitations on municipal liability, however, under section 11–47–190 of the Alabama Code. The Alabama Supreme Court has limited its reliance on section 6–5–338 to claims against individual peace officers. The court is unaware of any case in which a court applying Alabama law extended statutory discretionary function immunity to a municipality itself, in addition to its peace officers. [6]

Second, the Town of Hayneville contends that it should be protected by discretionary function immunity vicariously. According to the Town of Hayneville, it cannot be held liable for torts committed by its agents if those agents are entitled to discretionary function immunity. In support, the town cites *Roden v. Wright,* 646 So.2d 605, 611 (Ala.1994) (citing *Gore v. City of Hoover,* 559 So.2d 163, 165 (Ala.

1990) for the principle that "where the basis of liability is respondeat superior, 'if the agent is not liable, the principal cannot be liable, either'"). The principle espoused in *Gore* and *Roden,* however, was expressly overruled with regard to municipal liability. *See Franklin v. City of Huntsville,* 670 So.2d 848, 852 (Ala.1995). Where a plaintiff alleges a factual pattern that demonstrates "neglect, carelessness, or unskillfulness," the plaintiff has stated a cause of action against a municipality under section 11–47–190 of the Alabama Code. *See id.* Therefore, the Town of Hayneville is not protected by vicarious discretionary function immunity.

**2. State Law Claims against Edward Boyd and Clete Davis**

Plaintiff asserts the following state law claims against Clete Davis: Assault and Battery (Count I), False Imprisonment (Count IV), Malicious Prosecution (Count V), Intentional Infliction of Emotional Distress (Count VIII), and Wantonness (Count XIV). Plaintiff also asserts state law claims against Edward Boyd for Malicious Prosecution (Count V), Negligent Hiring (Count VI), Intentional Infliction of Emotional Distress (Count VIII), and Wantonness (Count XIV). [7] Defendants

---

**5.** The immunity referred to in § 6–5–338(b) is set forth in § 6–5–338(a), which extends immunity to "[e]very peace officer" against claims for "conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." *See infra* p. 1194 of this Opinion.

**6.** Additionally, the court notes that if it were to extend discretionary function immunity to the Town of Hayneville, it would cut deeply into section 11–47–190. As noted above, under section 11–47–190, a municipality can be held liable only for injuries resulting from "neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line and scope of his duty...." Discretionary function immunity under section 6–5–338 immunizes peace officers from claims based on negligence when performing discretionary acts. Thus, if the court applied section 6–5–338 to a municipality, section 11–47–190 would no longer protect victims of

negligent conduct by city employees, agents, or officers performing discretionary acts. This court sees no reason to adopt Defendants' position in the absence of clearer authority that the Alabama legislature intended such a result.

**7.** Mr. Hardy's Complaint does not allege any facts which would render Edward Boyd liable for Assault and Battery or False Imprisonment. Those claims rest solely on the conduct of Clete Davis. To the extent that Mr. Hardy asserts those claims against Edward Boyd on the basis of respondeat superior, the court is unaware of any authority which would allow him to do so. Both Edward Boyd and Clete Davis are employees of the Town of Hayneville, which is the true master for vicarious liability purposes. *Cf. Newton v. Town of Columbia,* 695 So.2d 1213, 1218 (Ala.Civ.App.1997) (holding that a mayor is not vicariously liable for the misconduct of his or her subordinates).

Edward Boyd and Clete Davis contend that, pursuant to their status as municipal peace officers, they are immune from Mr. Hardy's state law claims on the basis of statutory discretionary function immunity. Alabama Code section 6–5–338(a) provides:

Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.

Section 6–5–338 extends discretionary function immunity to municipal police officers "unless the officer's conduct is so egregious as to amount to willful or malicious conduct or conduct engaged in bad faith." *Couch v. City of Sheffield*, 708 So.2d 144, 153 (Ala.1998) (citing *Wright v. Wynn*, 682 So.2d 1, 2 (Ala.1996) (per curiam)). Defendants contend, however, that Davis and Boyd are immune from any claims against them, in the same manner as sheriffs and deputy sheriffs, even in the context of alleged malicious or intentional conduct. Sheriffs and Deputy Sheriffs sued in their individual capacities have the benefit of sovereign immunity under the Alabama Constitution. *Ex parte Purvis*, 689 So.2d 794 (Ala.1996); *see also Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir.1996). The Alabama Supreme Court limited its discussion in *Purvis* to suits against Sheriffs and Deputies, implying that those officials are entitled to a special form of immunity. *Ex parte Purvis*, 689 So.2d at 796; *see also id.* at 796–97 (Houston, J., concurring specially).

The Eleventh Circuit recognized this implication, refusing to extend sovereign immunity under the state constitution to municipal police officers. *Sheth v. Webster*, 145 F.3d 1231, 1236 (11th Cir. 1998).[8] Because Edward Boyd and Clete Davis are municipal peace officers, statutory discretionary function immunity applies. First, the court must determine whether

---

8. The Eleventh Circuit provided the following explication of immunity under Alabama law:

Alabama law recognizes at least two types of immunity from suit or liability for the individual executive acts of public officers. Not applicable here is the absolute "sovereign" immunity, except for injunctive relief, afforded to certain state constitutional officers, including sheriffs and deputy sheriffs. This constitutional officer sovereign immunity is pursuant to Article I, Section 14 of the Alabama Constitution of 1901. Alabama law also extends a form of immunity, not absolute, to state, as opposed to municipal and county, executive officers who do not hold constitutional offices. This form of immunity is described as "discretionary function" immunity.

Apparently recognizing that certain state police officers are entitled to absolute immunity as constitutional officers and that other state police officers are entitled to discretionary function immunity, but that county and municipal police officers arguably had no immunity, the Alabama Legislature adopted § 6–5–338(a), Code of Alabama 1975. This provision became effective on April 26, 1994.

. . . .

Pursuant to § 6–5–338(a) . . . municipal police officers, are entitled to the same discretionary function immunity as are state officers who are not constitutional officers.

*Sheth v. Webster*, 145 F.3d 1231, 1236, 1238 (11th Cir.1998) (citations omitted).

the officers were engaged in the performance of discretionary functions at the time the alleged torts occurred. Discretionary acts are "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Wright v. Wynn,* 682 So.2d 1, 2 (Ala.1996). If their acts were discretionary acts, "the burden shifts to the plaintiff to demonstrate that the defendants acted in bad faith, with malice or willfulness in order to deny them immunity. Acts of such nature are not considered by Alabama law to be discretionary." *Sheth,* 145 F.3d at 1239 (citing *Wright v. Wynn,* 682 So.2d at 2).

▆▆▆▆ The acts which form the basis of Plaintiff's state law claims against Clete Davis implicate Officer Davis's decisions to arrest the Plaintiff, use force against him, transport him to the county jail, and bring charges against him. Plaintiff's state law claims against Edward Boyd arise from Chief Boyd's decisions regarding hiring, training, and supervision, and his alleged role in pursuing the charges against Mr. Hardy. All of these acts typically are within the line and scope of the officers' law enforcement duties and require the exercise of judgment under the given circumstances.[9] Mr. Hardy states generally in his Complaint, however, that "[a]ll of the acts, conduct, and behavior of each of the Defendants, were performed knowingly, intentionally, and maliciously...." Compl. ¶ 62.

▆▆▆▆ Accordingly, because Mr. Hardy asserts that the Defendants possessed the requisite state of mind to defeat application of discretionary function immunity, Mr. Hardy may pursue all of his state law claims against Clete Davis.[10] Mr. Hardy may also pursue his state law claims against Edward Boyd, with the exception of his claim based on negligent hiring. Because Mr. Hardy must show bad faith, malice, or willfulness to overcome discretionary function immunity, he cannot state a claim against Edward Boyd for negligence.

### 3. State Law Claims against Joe Eddie Morgan

▆▆▆▆ Plaintiff apparently asserts state law claims against Joe Eddie Morgan for Malicious Prosecution (Count V), Negligent Hiring (Count VI), Intentional Infliction of Emotional Distress (Count VIII), and Wantonness (Count XIV). Mr. Hardy's claims against Joe Eddie Morgan must arise from the mayor's own actions and not those of other town officers, such as the police chief, Officer Davis, or city council members. "A municipality's chief executive is not vicariously liable for the misconduct of his or her subordinates." *Newton v. Town of Columbia,* 695 So.2d 1213, 1218 (Ala.Civ.App.1997) (citing *Carter v. City of Gadsden,* 264 Ala. 544, 88 So.2d 689, 695 (1955)). The only allegations in the Complaint mentioning Joe Eddie Morgan are that Mr. Morgan was ultimately responsible for hiring Officer Davis and retaining Officer Davis after the incident, and that the mayor was one of the officers of the Town of Hayneville who intentionally subjected the Plaintiff to severe emotional distress by maliciously prosecuting Plaintiff. Compl. ¶¶ 5, 31, 46–48, 57.

▆▆▆▆ With regard to the state law claims against him, Morgan asserts that, although statutory discretionary function immunity does not apply, he is entitled to discretionary function immunity as developed in Alabama common law. The Ala-

---

9. At later stages in this litigation, Plaintiff may offer evidence and assert that the actions of Davis and Boyd did not involve the exercise of judgment or choice under the circumstances and thus were not discretionary.

10. Defendants are free to renew their contention that discretionary function immunity bars the Plaintiff's state tort claims in a motion for summary judgment. At the summary judgment stage, Plaintiff would have to produce evidence showing that the Defendants acted willfully, maliciously, or in bad faith.

bama Supreme Court adopted the tort liability rule for public officers set forth in the Restatement (Second) of Torts, which provides in part, "A public officer acting within the general scope of his authority is not subject to tort liability for an administrative act or omission if (a) he is immune because engaged ·in the exercise of a discretionary function." *Phillips v. Thomas,* 555 So.2d 81, 84 (Ala.1989) (quoting Restatement (Second) of Torts § 895D (1974)); *see also Taylor v. Shoemaker,* 605 So.2d 828, 831 (Ala.1992).

The Eleventh Circuit has equated this common law immunity with statutory discretionary function immunity under section 6–5–338 of the Alabama Code. *See Sheth,* 145 F.3d at 1238 ("Pursuant to § 6–5–338(a) ... municipal police officers, are entitled to the same discretionary function immunity as are state officers who are not constitutional officers."). The Eleventh Circuit also noted that the Alabama courts have extended common law discretionary function immunity to "state, as opposed to municipal and county, executive officers who do not hold constitutional offices." *Id.* at 1236 (citing *Taylor,* 605 So.2d 828).

In a recent case, the Alabama Court of Civil Appeals extended common law discretionary function immunity to a municipal officer who allegedly converted a grain drill planter on behalf of a municipality. *See Crowe v. City of Athens,* 733 So.2d 447 (Ala.Civ.App.1999). The court stated, "Neither party has provided authority, and we are aware of none, for the proposition that the operation of § 895D [of the Restatement (Second) of Torts (1979) ] as an affirmative defense with respect to state officials differs from its operation as to municipal officials." *Id.* Because the plaintiff asserted in his Complaint that the officer acted with malice, the court reversed dismissal of the claims against the officer. *See id.* (citing *Wright v. Wynn,* 682 So.2d 1, 2 (Ala.1996)).

The court finds that Mayor Joe Eddie Morgan is entitled to common law discretionary function immunity by virtue of his executive office in the Town of Hayneville. Therefore, the court must determine whether the mayor was engaged in the performance of discretionary functions at the time the alleged torts occurred. If so, the Plaintiff must demonstrate that Morgan acted in bad faith, with malice or willfulness to deny him immunity. Discretionary functions "are characterized by planning and decision-making, while ministerial functions are characterized by operational tasks.... If a public employee is required to decide and act without fixed or readily ascertainable standards, that act is a discretionary function." *See Ex Parte Alabama Dep't of Forensic Sciences,* 709 So.2d 455, 458 (Ala.1997) (citations omitted).

The acts forming the basis of Mr. Hardy's claims against Defendant Morgan are the mayor's responsibility in the hiring and retention of Officer Davis, and apparently, the mayor's role in the prosecution of Mr. Hardy. Such acts typically involve the exercise of judgment and would be discretionary.[11] Mr. Hardy has asserted, however, that all Defendants acted "knowingly, intentionally, and maliciously...." Compl. ¶ 62. Therefore, he may pursue his state law claims against Joe Eddie Morgan, with the exception of the claim based on negligent hiring.

## V. *CONCLUSION*

In accordance with this Memorandum Opinion and Order, it is hereby ORDERED as follows:

1. The Motions to Dismiss of Defendants Edward Boyd, Clete Davis, and Joe Eddie Morgan are GRANTED as they apply to Plaintiff's claims against them in their official capacities brought pursuant to 42 U.S.C. § 1983 for alleged violations of the First, Fourth, Fifth, Sixth, Eighth, and

---

**11.** At later stages in this litigation, Plaintiff may offer evidence and assert that Morgan's actions involved purely operational tasks and thus were ministerial, as opposed to discretionary.

Fourteenth Amendments, and those claims are hereby DISMISSED.

2. The Motions to Dismiss of Defendants Boyd and Morgan are GRANTED as they apply to all claims against them in their individual capacities pursuant to 42 U.S.C. § 1983 for alleged constitutional violations, and all such claims are hereby DISMISSED.

3. Defendant Town of Hayneville's Motion to Dismiss is GRANTED as it applies to Plaintiff's claims against it pursuant to 42 U.S.C. § 1983 for alleged violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, and those claims are hereby DISMISSED.

4. Defendant Town of Hayneville's Motion to Dismiss is DENIED as it applies to Plaintiff's claims against it pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment.

5. Defendant Clete Davis's Motion for Partial Dismissal is GRANTED as it applies to Plaintiff's claims against him in his individual capacity pursuant to 42 U.S.C. § 1983 for alleged violations of the Fifth, Eighth, and Fourteenth Amendments, and those claims are hereby DISMISSED.

6. Defendant Clete Davis's Motion for Partial Dismissal is DENIED as it applies to Plaintiff's claims against him in his individual capacity pursuant to 42 U.S.C. § 1983 for alleged violations of the Sixth Amendment.

7. The Motions to Dismiss of Defendants Boyd and Morgan are GRANTED as they apply to Plaintiff's claims for the Alabama torts of Assault and Battery, False Imprisonment, and Negligent Hiring, and those claims are hereby DISMISSED.

8. The Motions to Dismiss of Defendants Boyd and Morgan are DENIED as they apply to Plaintiff's claims for the Alabama torts of Malicious Prosecution, Intentional Infliction of Emotional Distress, and Wantonness.

9. Defendant Town of Hayneville's Motion to Dismiss is GRANTED as it applies to Plaintiff's claims for the Alabama torts of Malicious Prosecution, Intentional Infliction of Emotional Distress, and Wantonness, and those claims are due to be DISMISSED.

10. Defendant Town of Hayneville's Motion to Dismiss is DENIED as it applies to Plaintiff's claims for the Alabama torts of Assault and Battery, False Imprisonment, and Negligent Hiring.

11. Defendant Clete Davis's Motion for Partial Dismissal is DENIED as it applies to Plaintiff's claims for the Alabama torts of Assault and Battery, False Imprisonment, Malicious Prosecution, Intentional Infliction of Emotional Distress, and Wantonness.

Defendants are Directed to file Answers by April 14, 1999.

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On April 1, 1999, this court issued a Memorandum Opinion and Order addressing the Defendants' Motions to Dismiss. *Hardy v. Town of Hayneville*, No. 99–A–86–N, 1999 WL 183763 (M.D.Ala. Apr. 1, 1999). This cause now is before the court on Defendant Town of Hayneville's Motion to Reconsider or, in the Alternative, Motion for Judgment on the Pleadings, filed on April 21, 1999. The Town of Hayneville requests that this court reconsider its holding with respect to the Town of Hayneville or, alternatively, grant the Town of Hayneville judgment on the pleadings with respect to all remaining state law claims. More specifically, the Town of Hayneville, citing a recent opinion by the Alabama Court of Civil Appeals, asks this court to revisit that portion of the Memorandum Opinion rejecting Defendant's contention that municipalities are entitled to statutory discretionary function immunity under Alabama Code § 6–5–338.

In his Response to Defendant's Motion to Reconsider, the Plaintiff argues that the Town of Hayneville is not entitled to substantive immunity. The "substantive im-

**1198**

munity rule" is a narrow exception to the general rule that a municipality is chargeable with the negligence of its employees acting within the line and scope of their employment. *See Rich v. City of Mobile,* 410 So.2d 385 (Ala.1982)(cited in *Montgomery v. City of Montgomery,* No. 2971214, 1999 WL 164248 at *7 (Ala.Civ. App. Mar. 26, 1999)). The Town of Hayneville did not raise substantive immunity in its Motion to Dismiss, nor does it refer to substantive immunity in its Motion to Reconsider. Defendant's Motion to Reconsider refers solely to statutory discretionary function immunity. Thus, the Plaintiff's brief does not address the issue presently before the court.

Nevertheless, the court has given careful consideration to the issue which the Town of Hayneville raises. For the reasons which follow, Defendant Town of Hayneville's Motion to Reconsider is due to be GRANTED, and the Motion for Judgment on the Pleadings is due to be DENIED.

## II. *DISCUSSION*

District courts necessarily have substantial discretion in ruling on motions for reconsideration. *Sussman v. Salem, Saxon & Nielsen,* 153 F.R.D. 689 (M.D.Fla.1994). Motions for reconsideration generally serve a very narrow function: they are designed solely to correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion. *See* Fed.R.Civ.P. 60. Because "litigants cannot be repeatedly called upon to backtrack through the paths of litigation," reconsideration of a previous

order is an extraordinary remedy to be employed sparingly. *Sussman,* 153 F.R.D. at 694. Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration. *Villaflores v. Royal Venture Cruise Lines, Ltd.,* No. 96-2103, 1997 WL 728098, at *2 (M.D.Fla. Nov. 17, 1997), aff'd. in part, vac'd in part by *Wilkins v. Commercial Inv. Trust Corp.,* 153 F.3d 1273 (11th Cir. 1998); *see also American Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1239 (11th Cir.1985) (considering new arguments post-order affords parties "two bites at the apple"); *Renfro v. City of Emporia, Kan.,* 732 F.Supp. 1116, 1117 (D.Kan.1990) (noting that a party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration).

Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *See Sussman,* 153 F.R.D. at 694; *Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981). The Town of Hayneville bases the present motion on a recent opinion by the Alabama Court of Civil Appeals. Thus, the Defendant asks the court to reconsider its opinion because of an intervening change in controlling law.

In a brief submitted in support of its Motion to Dismiss, the Town of Hayneville argued that it was entitled to statutory discretionary function immunity under Alabama Code § 6-5-338.[1] *See* Defen-

1. The full text of section 6-5-338 provides:

(a) Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality

(b) This section is intended to extend immunity only to peace officers and governmental units or agencies authorized to appoint peace officers. No immunity is extended hereby to any private non-gov-

ernmental person or entity, including any private employer of a peace officer during that officer's off-duty hours.

(c) Every private, non-governmental person or entity who employs a peace officer during that officer's "off-duty" hours to perform any type of security work or to work while in the uniform of a peace officer shall have in force at least $100,000 of liability insurance, which insurance must indemnify for acts the "off-duty" peace officer takes within the line and scope of the private employment. The failure to have in force

dants' Consolidated Reply to Plaintiff's Opposition to Dismissal (File Doc. 11), at 5. According to the Town of Hayneville, the text of section 6–5–338(b) clearly extends statutory discretionary function immunity to municipalities. Thus, the Town of Hayneville could not be held liable for torts arising out of the conduct of municipal peace officers in performance of any discretionary function within the line and scope of their law enforcement duties. This court rejected the Town of Hayneville's contention. *See Hardy,* 1999 WL 183763, at *12. The court stated that it was "unaware of any case in which a court applying Alabama law extended statutory discretionary function immunity to a municipality itself, in addition to its peace officers." *Id.* Instead, the Alabama courts continued to determine municipal immunity under Alabama Code § 11–47–190, which extends liability to municipalities for "the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty," even where section 6–5–338 could apply. *See Couch v. City of Sheffield,* 708 So.2d 144, 154 (Ala.1998); *Luckie v. City of Montgomery,* No. 2971179, 1999 WL 64930 (Ala.Civ.App. Feb. 12, 1999)(same).

For example, in *Couch,* an arrestee brought several claims against the City of Sheffield and the individual municipal police officer who arrested him. The Alabama Supreme Court addressed the state law claims against the individual officer under section 6–5–338. Despite quoting subsection (b), the court did not indicate that section 6–5–338 could apply to the claims against the city. The court addressed the city's immunity under section I 1–47–190, expressly noting that it "limits the liability of municipalities to injuries suffered through neglect, carelessness, or unskillfulness of an agent, officer, or employee." *Couch,* 708 So.2d at 154.

Similarly, in *Luckie v. City of Montgomery,* 1999 WL 64930, the Alabama Court of Civil Appeals held that a city was not immune from claims of false arrest, false imprisonment, and assault and battery based on conduct by a municipal peace officer. The court first applied section 6–5–338 to the claims against the individual police officer. *See id.* at *3. Despite its clear awareness of the language in section 6–5–338, evidenced by its quotation of subsections (a) and (b), the court did not apply that section to the claims against the City of Montgomery. Instead, the court discussed municipal immunity under section 11–47–190. Citing *Franklin v. City of Huntsville,* 670 So.2d 848 (Ala.1995), the court held that a city does not have immunity for false imprisonment, false arrest, or assault and battery. *See id.* at *4.

In addition to noting the absence of Alabama caselaw applying section 6–5–338 to municipalities, this court reflected on the practical effect of applying statutory discretionary function immunity to municipalities. *See Hardy,* 1999 WL 183763, at *12 n. 6. Extending statutory discretionary function immunity under section 6–5–338 to a municipality "would cut deeply into section 11–47–190." *Id.* Though section 11–47–190 allows recovery against a municipality for injuries resulting from "neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality" when acting in the line of his or her duty, section 6–5–338 grants immunity from claims based on negligence. Victims of negligent conduct by a municipal peace officer performing discretionary acts would no longer have a remedy. This court saw no reason to reach such a result "in the absence of clearer authority that the Alabama legislature intended such a result." *Id.*

For federal constitutional claims brought under 42 U.S.C. § 1983, munici-

the insurance herein required shall make every individual employer, every general partner of a partnership employer, every member of an unincorporated association employer, and every officer of a corporate employer individually liable for all acts taken by an "off-duty" peace officer within the line and scope of the private employment.

palities, although free from respondeat superior liability, *see Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611, do not enjoy qualified immunity. *Owen v. City of Independence*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). In *Owen*, the Supreme Court held that a "municipality may not assert the good faith of its officers or agents as a defense to liability under § 1983." *Id.* at 638, 100 S.Ct. at 1409. The court noted, "[O]wing to the qualified immunity enjoyed by most government officials, many victims of municipal malfeasance would be left remediless if the city were also allowed to assert a good-faith defense. Unless countervailing considerations counsel otherwise, the injustice of such a result should not be tolerated." *Id.* at 651, 100 S.Ct. at 1415 (citations and footnote omitted).

■■■ Although numerous states extend some form of discretionary function immunity to municipalities, Alabama has never been one of them. *See generally Owen*, 445 U.S. at 680–83, 100 S.Ct. at 1430–31 (Powell, J. dissenting); Ala.Code § 11–47–190. Common law discretionary function immunity, while protecting individual officers, does not extend to municipalities. On the contrary, the rule in Alabama is that a municipality "is generally chargeable with the negligence of its employees acting within the line and scope of their employment." *Rich v. City of Mobile*, 410 So.2d 385, 387 (Ala.1982); *see also Franklin v. City of Huntsville*, 670 So.2d 848 (Ala.1995). Thus, extending statutory discretionary function immunity to a municipality would lead to the incongruous result that a municipality cannot be held liable for the negligent conduct of its peace officers when exercising their discretionary functions, but the municipality can be held liable for the negligent conduct of other officials, such as the mayor, when performing their discretionary functions.

■■■ For all of these reasons, this court drew the inference that section 6–5–338 applied only to peace officers, and not to municipalities. The court drew an inference because no Alabama court squarely addressed the issue. Now one has. In an opinion dated March 26, 1999, the Alabama Court of Civil Appeals stated, "[T]he plain language of Ala.Code 1975 § 6–5–338(b), clearly extends discretionary-function immunity to the City of Montgomery, [the individual police officers'] employer." *Montgomery v. City of Montgomery*, 732 So.2d 305, 311 (Ala.Civ.App.1999). Though the court devoted only one sentence to this issue, its holding is unambiguous.[2] The remaining question is whether this court is bound by the decision.

■■■ A federal court enforcing a state-created right in a diversity case is "in substance 'only another court of the State.'" *Bernhardt v. Polygraphic Co. of America*, 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956). When deciding state law claims, a federal court is bound to apply the law as determined by the state's highest court. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Though the state's highest court, the Alabama Supreme Court, has not applied section 6–5–338 to municipalities, the Alabama Court of Civil Appeals, an intermediate appellate court, has done so.

■■■ Where state law furnishes the rule of decision, "federal courts are bound by decisions of a state's intermediate appellate courts unless there is persuasive evidence that the highest state court would

---

2. One month earlier, the Alabama Court of Civil Appeals held that a city could be held liable for false arrest, false imprisonment, and assault and battery based on negligent, careless, or unskillful conduct by a municipal peace officer. *See Luckie v. City of Montgomery*, No. 2971179, 1999 WL 64930 (Ala.Civ. App. Feb. 12, 1999). In the event that a court determines that making decisions concerning arrests and use of force are discretionary functions of a municipal police officer, the *Montgomery* opinion effectively overrules *Luckie*. Yet the Court of Civil Appeals reached its decision without addressing this apparent inconsistency with its prior rulings.

rule otherwise." *King v. Order of United Commercial Travelers of America,* 333 U.S. 153, 158, 68 S.Ct. 488, 491, 92 L.Ed. 608 (1948)(citing *Six Companies of California v. Joint Highway District No. 13 of California,* 311 U.S. 180, 61 S.Ct. 186, 85 L.Ed. 114 (1940); *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940); *Stoner v. New York Life Ins. Co.,* 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284 (1940)). As the Eleventh Circuit noted:

> The law is clear that where, as in the instant case, the state supreme court has not addressed the issue, "[a] federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." This is true, even if the federal court does not agree with that state court's reasoning or the outcome which the decision dictates.

*Provau v. State Farm Mutual Automobile Ins. Co.,* 772 F.2d 817, 820 (11th Cir.1985) (citations omitted).

■ Because the Court of Civil Appeals has held expressly that section 6–5–338 applies to municipalities, this court is unwilling to label the inferences supporting its original conclusion to the contrary as "persuasive evidence" that the Alabama Supreme Court would nullify the holding in *Montgomery.*[3] As noted above, this court decided that section 6–5–338 did not apply to municipalities primarily because no Alabama court had directly addressed the issue. Had the court been aware of the Alabama Court of Civil Appeals' unambiguous holding in *Montgomery,* it would have followed the result and applied section 6–5–338 to the Town of Hayneville. Even if this court would have reached a contrary conclusion in the absence of the Court of Civil Appeals' decision, a federal court applying state law cannot substitute its judgment for that of the state court.

Turning to the facts of the present case, the state law claims remaining against the Town of Hayneville are Assault and Battery, False Imprisonment, and Negligent Hiring. *See Hardy v. Town of Hayneville,* 50 F.Supp.2d 1176, 1197 (M.D.Ala.1999). The Negligent Hiring claim implicates the conduct of Chief Edward Boyd and Mayor Joe Eddie Morgan for their respective roles in deciding to hire Officer Davis. Hardy's claims for Assault and Battery and False Imprisonment implicate Officer Clete Davis's conduct in arresting the Plaintiff and using force to accomplish the arrest.

Defendant seeks clarification of the court's Order dismissing the claims of Assault and Battery and False Imprisonment against Boyd and Morgan. The basis for the court's dismissal of those claims was that the Plaintiff failed to plead any facts implicating the conduct of Boyd or Morgan with regard to those claims. *See Hardy,* 50 F.Supp.2d at 1194 n. 7, 1195. The Complaint refers solely to acts by Clete Davis as the conduct giving rise to those state law torts. Therefore, respondeat superior was the only basis for asserting the claims against Boyd and Morgan. Accordingly, the court dismissed the claims of Assault and Battery and False Imprisonment against Boyd and Morgan. *See id.*

The Town of Hayneville contends that it is entitled to dismissal of the remaining state law claims against it on the basis of section 6–5–338. Applying the law as set forth in *Montgomery,* the Town of Hayneville is entitled to statutory discretionary function immunity to the extent that the Plaintiff's state law claims arise out of conduct by Officer Davis and Chief Boyd "in performance of any discretionary function within the line and scope of [their] law enforcement duties." Ala.Code § 6–5–338(a). The exception which renders individual peace officers liable for "willful or

---

**3.** Of course, if during the pendency of this case, or at a later time, the Alabama Supreme Court addresses this issue and actually ren-

ders a decision contrary to *Montgomery,* this court will follow the mandate of the state's highest court.

malicious conduct or conduct engaged in bad faith," *Couch v. City of Sheffield,* 708 So.2d 144, 153 (Ala.1998), would not apply to a municipality. Municipalities are immune from claims based on such conduct. Ala.Code § 11–47–190. Therefore, the Town of Hayneville could not be held liable for the conduct of Officer Davis or Chief Boyd if the court determines that they were engaged in discretionary functions within the line and scope of their law enforcement duties.

The Town of Hayneville remains liable, under section 11–47–190, for negligent conduct attributable to Mayor Morgan while acting within the line of his duty. Statutory discretionary function immunity under section 6–5–338 extends only to the conduct of a "peace officer" in the performance of any discretionary function within the line and scope of his or her law enforcement duties. Section 6–5–338 does not affect the traditional application of the rules governing common law discretionary function immunity when the conduct of officials other than "peace officers" is at issue. Therefore, the Town of Hayneville may still be held liable for negligent hiring, to the extent that Hardy's claim is based on conduct by Mayor Morgan within the line of his duty.

 The Town of Hayneville asserts that it cannot be held liable for Assault and Battery and False Imprisonment based on the conduct of Clete Davis because Davis was engaged in discretionary functions. Similarly, the Town of Hayneville contends that it is cannot be held liable for Negligent Hiring based on the conduct of Edward Boyd because Boyd was engaged in discretionary functions. Discretionary acts are "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Wright v. Wynn,* 682 So.2d 1, 2 (Ala.1996).

The court may have created unintended confusion with its discussion of discretionary functions in the original opinion. In the original Memorandum Opinion, the court noted that the acts of Clete Davis and Edward Boyd at issue in this case typically are within the line and scope of the officers' duties and require the exercise of judgment under the given circumstances. Even assuming that the individual Defendants could establish that they were engaged in discretionary functions, however, Hardy's claims were not due to be dismissed. He asserted in his Complaint that the Defendants acted intentionally and maliciously, and thus possessed the requisite state of mind to defeat application of discretionary function immunity. *Hardy,* 50 F.Supp.2d at 1194-95.

 The court also left open the possibility that the Plaintiff could show that Davis and Boyd were not engaged in discretionary functions. *See id.* 50 F.Supp.2d at 1194 & n. 9. Thus, Hardy may contend that Davis was not engaged in the performance of a discretionary function at the time of the conduct giving rise to Hardy's claims for Assault and Battery and False Imprisonment. If Davis cannot establish that he was engaged in discretionary functions at the time of his conduct, neither he nor the Town of Hayneville would enjoy discretionary function immunity under section 6–5–338. Accordingly, the claims of Assault and Battery and False Imprisonment against the Town of Hayneville will not be dismissed at this stage. Such an approach adheres to the Alabama courts' reluctance to grant motions to dismiss based on discretionary function immunity. *See Patton v. Black,* 646 So.2d 8, 10 (Ala. 1994) ("[I]t is the rare case involving the defense of discretionary immunity that would be properly disposed of by a dismissal pursuant to Rule 12(b)(6) . . . .").

Though the court left open the possibility that Plaintiff could show that Boyd was not engaged in discretionary functions, *see Hardy,* 50 F.Supp.2d at 1194 & n.9, the

court dismissed the Plaintiff's negligent hiring claim against Boyd. *See id.* 50 F.Supp.2d at 1195. In so doing, the court recognized that a claim implicating hiring decisions clearly had its basis in a discretionary function.[4] *See Ex Parte Alabama Dept. of Forensic Sciences,* 709 So.2d 455 (Ala.1997)(noting the rarity of dismissal based on discretionary function immunity, but granting petition for writ of mandamus ordering trial judge to dismiss claims against state medical examiner because the medical examiner was performing a discretionary act and was clearly entitled to dismissal of the claims against him); *Ross v. State of Alabama,* 15 F.Supp.2d 1173, 1196 (M.D.Ala.1998)(granting a county Human Resources Department director's motion to dismiss based on state law discretionary function immunity when the claims implicated decisions concerning appropriate training, supervision, and discipline of employees).

Because the Plaintiff asserted a claim against Boyd for *negligent* hiring, he could not show bad faith, malice, or willfulness to overcome discretionary function immunity under Alabama law. *Hardy,* 50 F.Supp.2d at 1195. Therefore,the court dismissed Hardy's negligent hiring claim against Boyd.[5] In light of the Alabama Court of Civil Appeals' extension of statutory discretionary function immunity to municipalities, the Town of Hayneville also is entitled to dismissal of Hardy's negligent hiring claim, to the extent that his claim is based on Boyd's action.

Hardy may continue to assert that Boyd was not engaged in discretionary functions at the time of any alleged conduct giving rise to the remaining state law tort claims against him, namely Malicious Prosecution,

Intentional Infliction of Emotional Distress, and Wantonness.[6] Those claims remain against the individual Defendants regardless of the availability of discretionary function immunity. Thus, even if the individual Defendants were engaged in discretionary functions at the time of their allegedly tortious conduct, they would not be entitled to discretionary function immunity if their conduct was willful, malicious, or in bad faith. *See id.* The Town of Hayneville cannot be held liable for such claims under Alabama Code section 11–47–190. *See id.* 50 F.Supp.2d at 1192.

In summary, Alabama Code section 6–5–338 immunizes the Town of Hayneville from liability for the conduct of Defendant Edward Boyd giving rise to the Plaintiff's claim for Negligent Hiring. The Town of Hayneville may be held liable, however, for the negligent conduct of Joe Eddie Morgan within the line of his duty as mayor. Though Morgan is immune from individual liability for Negligent Hiring under common law discretionary function immunity, the Town of Hayneville does not enjoy such immunity.

If the conduct giving rise to the Plaintiff's state law claims of Assault and Battery and False Imprisonment occurred while Defendant Clete Davis was engaged in discretionary functions, both Davis and the Town of Hayneville would be entitled to statutory discretionary function immunity for those claims. Thus, the Town of Hayneville could not be held liable for Assault and Battery or False Imprisonment, and Clete Davis could only be held liable if his conduct was willful, malicious, or in bad faith. If the allegedly tortious conduct occurred while Clete Davis was engaged in ministerial or non-discretionary

4. When assessing the federal claims against Boyd, the court stated, "It cannot be seriously contested that decisions concerning hiring, training, and supervision of officers fall within the discretionary authority of the Chief of Police." *Hardy,* 50 F.Supp.2d at 1189.

5. Though it has no bearing on the motion presently before the court, the court notes

that it applied the same rationale and dismissed Hardy's negligent hiring claim against Joe Eddie Morgan on the basis of Morgan's entitlement to common law discretionary function immunity. *See Hardy,* 50 F.Supp.2d at 1196.

6. The same is true for the remaining state law claims against Joe Eddie Morgan.

functions, Davis could be held liable for his actions, regardless of whether they were negligent or intentional. Additionally, if Officer Davis was engaged in non-discretionary acts within the line of his duty, the Town of Hayneville could be held liable for his negligent, careless, or unskillful conduct.

### III. *CONCLUSION*

For the reasons stated above, Defendant Town of Hayneville's Motion to Reconsider is GRANTED. Accordingly, that portion of the Memorandum Opinion addressing the Plaintiff's state law claims against the Town of Hayneville is MODIFIED to reflect that statutory discretionary function immunity under Alabama Code section 6–5–338 extends to the Town of Hayneville.

In the original opinion, the court denied the Town of Hayneville's Motion to Dismiss as it applied to state law claims of Assault and Battery, False Imprisonment, and Negligent Hiring. *See Hardy*, 50 F.Supp.2d at 1197. This opinion does not change that result. The Town of Hayneville may be held liable for Assault and Battery and False Imprisonment under Alabama law, however, only if the alleged tortious conduct of Clete Davis occurred while Davis was engaged in non-discretionary acts within the line of his duty. The Town of Hayneville cannot be held liable for Negligent Hiring based on the conduct of Edward Boyd, but the Town of Hayneville may be held liable for Negligent Hiring based on neglect, carelessness, or unskillfulness by Joe Eddie Morgan in the line of his duty as mayor.

Defendant Town of Hayneville's alternative Motion for Judgment on the Pleadings with respect to all remaining state law claims is DENIED.