199 So. 543

**STATE v. CLARKE et al.**

6 Div. 717.

Supreme Court of Alabama.

Jan. 2, 1941.

363

Thos. S. Lawson, Atty. Gen., and John
W. Lapsley and J. Edw. Thornton, Asst.
Attys. Gen., for appellant.

Ellis, Lindbergh & Ellis, of Birmingham,
for appellees.

364

FOSTER, Justice.

■ .The question in this case is whether a penalty prescribed by law to be added to an assessment of escaped taxes is properly added under the circumstances of this case. It is not a question of whether such a penalty may be waived by the court.

If it is not proper in accordance with law as duly interpreted, to impose the penalty, a denial of it does not infringe upon section 100 of the Constitution. For in that event, it is not a debt due the State and never was. The sole inquiry is whether it is such a debt. If so, it was proper to impose it, and, if not a debt, it was not proper. So we may eliminate section 100, Constitution, at the outset.

. The question is answered by determining whether the statutes which create the penalty have application to the facts here shown.

The Revenue Act of July 10, 1935, p. 256 et seq., has controlling effect. Sections 41 to 44 require the tax assessor, after December 31st each year, to make demand on all delinquent taxpayers for an assessment of his property for the current year. Such taxpayer shall forthwith make return. If he fails to do so, on or before the third Monday in January, the tax assessor shall make the assessment, and to the amount of the taxes so assessed a penalty of ten per cent. is to be added. The penalty is not chargeable except on such failure after notice.

Section 45 applies to a different process. Under it the tax assessor shall assess escaped property within the last five years, without first giving notice and opportunity to assess and pay the taxes, and shall· add a penalty of ten per cent. for each year, and then give notice, and have a· hearing. If on the hearing the assessment is made final, it includes the ten per cent. penalty, but an appeal to the circuit court is available. This proceeding was conducted under that statute.

On that appeal, the circuit court held and adjudged that the penalty should not under the law have been added, and from that· judgment the State prosecutes the appeal here.

■ .No doubt the State Department of Revenue (Gen. Acts 1939, page 1) alone may remit a penalty imposed for the failure to return property for taxation. Revenue Act of July 10, 1935, supra, section 51, page 284.

If the question here were the power of the judiciary to do so, except in the nature of a review of such action for legality by the Department of Revenue, the inquiry need not go further.

■ But when the tax assessor added the penalty to the assessment, if he did not have a right to do so under the law, his act in that respect is subject to be vacated in review by the judiciary on the statutory appeal provided by section 45, supra. It is there provided that on appeal the case shall be tried as other tax cases appealed to the circuit court from the Board of Review.

Section 78 of the Act provides for the manner and effect of such a trial, and that the court "shall decide all questions as to the legality of the assessment and the valuation of the property." Under section 45, the penalty is made an incident to the assessment, and is added by the assessor. The legality of the assessment therefore includes the legality of the added penalty.

So we repeat, the question here relates to the right of the tax assessor under the law to add the amount of the penalty to the assessment when he certifies the escape to the collector for collection under section 45, supra.

There is no contention here as to the proper valuation of the property for taxation, that was agreed on in the trial. There is no contention but that the property was subject to taxation for each of the years involved, October 1, 1936, 1937, 1938, 1939, and that it was not assessed during those years.

■ But the taxpayer .contends that the penalty is not chargeable because he was not derelict in that regard, and that the failure was not his fault for the following reason: the property had been owned by a life tenant, who died July 29, 1935. Under an assessment to him, the land had been sold for nonpayment of taxes for the year beginning October 1, 1916, and had been

purchased by the State. That of course did not affect the remainderman, who is here involved. Section 2296, Code of 1907 (here applicable); Gunter v. Townsend, 202 Ala. 160, 79 So. 644. (See Acts 1919, page 360, section 266; Acts 1933, Ex Sess., page 130).

 But on October 1, 1935, the land became subject to taxation for payment October 1, 1936, the first year involved in this proceeding. But return was not made of it for taxation prior to December 31st, and no notice was given by the assessor under section 41, supra. But on January 18, 1936, before the third Monday (section 44, supra), if that is material, the remainderman, by his agent and attorney, offered a return of it in writing and in due form for taxes for the year commencing October 1, 1935. The tax assessor refused to accept said assessment, assigning as his reason that the property belonged to the State under its purchase at the tax sale for taxes for the year commencing October 1, 1916. No further effort was made to return the property for taxation, and on October 3, 1939, the assessor made the escape assessment, from which this appeal was prosecuted.

The reason assigned for the contention that on such escaped assessment the penalty was not chargeable is that it could not be so chargeable for the first of those years, because this taxpayer offered to make the return and such offer was declined; and that for the subsequent years the taxpayer had the right to assume that one for each of them would be declined for the same reason, and no notice was given him under section 41, supra, or other authority, upon the basis of which a delinquency might arise.

The circuit court seemed to have adopted that view, and in it we concur.

 Penalties for the failure to make return of taxable property or to do other acts in that connection should be strictly construed in favor of the taxpayer. Reynolds v. Fabritis, 233 Ala. 625, 172 So. 889; State Tax Commission v. Stanley, 234 Ala. 66, 173 So. 609; Gachet v. McCall, 50 Ala. 307.

 It is generally supposed that the "purpose of imposing penalties for tax delinquencies is to compel all property owners to bear their equal share of the public burden, to pay their taxes promptly, and to punish taxpayers for frauds, evasions and neglect of duty." 61 Corpus Juris 1484 (Taxation) section 2109; Jones v. Williams, Collector, 121 Tex. 94, 45 S.W.2d 130, 79 A.L.R. 983; State of West Virginia v. Page, 100 W.Va. 166, 130 S.E. 426, 44 A.L.R. 501.

 True, section 45 is mandatory in imposing a penalty. But such penalty is for the breach of a duty by the taxpayer. 61 Corpus Juris 1487 (Taxation) section 2126, page 1486, section 2114.

Our conclusion therefore is that the penalty provided in section 45, supra, should not be applied under the circumstances of this case.

Affirmed.

GARDNER, C. J., and BOULDIN and KNIGHT, JJ., concur.