In this case appellee was subject to the Alabama Sales Tax Act of February 8, 1939, page 16, see, Title 51, sections 752 et seq., Code of 1940. He filed this return and paid the tax under the requirement of section VI of the Act (which is section 756, Title 51, Code of 1940), on the 26th of October, 1939, whereas that feature of the Act required it to be done on or before the 20th day of the month. And section XIV of the Act provides that "Any person who fails to pay the tax herein levied within the time required by this Act shall pay, in addition to the tax, a penalty of ten (10%) per cent of the amount of tax due [with interest, etc.]. Such penalty and interest to be assessed and collected as a part of the tax." In bringing that provision into the Code of 1940 as section 764, there was added: "Provided the department, if a good and sufficient reason is shown, may waive or remit the penalty of ten percent or a portion thereof."
The taxpayer in making payment with return on October 26, 1939, took a discount of three per cent. under section XXXVI of the Act of 1939, page 29, section 785, Title 51, Code amounting to $159.67. The Department of Revenue on that day advised the taxpayer that the penalty of $532.23 and discount of $159.67 and interest of $26.61 were charged to his account because of the failure to make returns and pay the tax by October 20. Thereupon on November 18, 1939, the taxpayer filed with the Department of Revenue an objection to this charge and a petition asserting that the delay was due to an oversight in the office as follows: "During the month of October and prior to the 20th day of said month, petitioner, taxpayer changed over its office system and particularly that part of the same in which its vouchers were drawn, and particularly changed over its 'tickler, follow up file,' which gave notice to the voucher clerk as to the various checks to be drawn on various days and dates. In said change over in some unaccountable way that part of said 'tickler follow up file' which gave notice that the check to the State of Alabama for sales taxes must be drawn and mailed on October 18th, became mislaid or misplaced, and accordingly the voucher clerk overlooked and failed to draft a voucher and see that the same was mailed to the State on October 18th or 19th in the amount of the sales tax due the State *Page 632 
for the month of September, 1939, namely, $5,322.30. The said defect in said machine and system was noted only when the comptroller of the company in checking over the vouchers issued for the preceding ten day period, noted that no voucher had been drafted payable to the State for sales tax on or about October 18th or 19th. Whereupon an investigation developed that the leaf from the old machine was still in the old file and machine, and had not for some unexplainable reason been taken and set up in the new file or machine upon which taxpayer was relying during the entire month of October for notice and information as to the days and dates of drafting and mailing vouchers of the type here in question," and prayed "that the time for filing its September, 1939, sales tax return be extended for the period of six days from October 20th to October 26, 1939, within which to file said return, to the end that said return be filed within the time and without incurring any penalty whatsoever for and on account of the filing of the same; and in the alternative petitioner, taxpayer respectfully prays that the State Revenue Commissioner, accept the discount disallowed, namely, $159.67, and the interest asserted, namely, $26.61, the aggregate sum of $186.28, as in full satisfaction of all penalties and interest asserted or to be asserted against taxpayer for and on account of the delinquency herein indicated; or in the alternative that the said sum be accepted as a condition precedent to the commissioner's granting the six days extension of time for filing said return as herein first prayed for."
On March 13, 1940, the department made a ruling as follows:
"Whereas, said petition having been duly considered and it appearing that the petitioner is not entitled to such claimed discount for the reason that said return was not filed within the time required by law and in accordance with the regulations duly adopted by the commissioner relating to the allowance of discounts under the provisions of the Sales Tax Act, and that the commissioner is without authority of law to relieve petitioner of the payment of interest accruing by law from the date upon which said tax became payable, or to relieve petitioner of the payment of the above mentioned penalty in the amount of $532.23.
"It is, therefore, ordered, by the Commissioner of Revenue that said petition be and the same is hereby denied."
And on March 12 the commissioner wrote a letter to the attorney for the taxpayer in which it was stated: "As you know, I acted in the first instance upon the advice that I was without authority to grant a request for waiver on penalty under the statute as now written, and it was also my belief and information that the authority given to me to grant an extension of time did not serve to relieve the taxpayer of the penalty when such a request for an extension of time was filed after the penalty had attached. As we have many cases involving this same question, I would prefer that the matter be carried to its conclusion in order that I may establish once and for all my authority in such cases." And on March 13, wrote another letter, in which he stated: "I hope that you will believe me when I say that the delay in this case was occasioned by my effort and hope to find a remedy for granting relief. I might say that I have suggested to the Code Committee that the codification of the Sales Tax law contained a provision which will give the head of this department discretion in such matters. This suggestion has received favorable consideration by those to whom it has been made and I hope that the Code will carry that provision." On March 30, 1940, the department made an assessment of $718.51, stating that the return and computation were found to be correct, but that they were received on October 26, 1939, and notified the taxpayer that he would be heard on April 22, 1940. On that day the department treated the former petition and objection as refiled and proceeded to reconsider it, and made the assessment final for the sum of $736.47, including accrued interest.
Thereupon, on May 1, 1940, the taxpayer in accordance with the provisions of section XVIII of the said Act (see, Acts of 1939, page 23, also section 768, Code, supra) filed an appeal to the equity side of the Circuit Court of Jefferson County, Alabama, as provided in the Act of April 21, 1936 (Special Session, Acts 1936, page 172: see section 140, Title 51, Code of 1940).
Thereafter on April 1, 1941, with no disposition of the proceeding on appeal, and with it still pending in the Circuit Court, in equity, the taxpayer filed in the same court in equity, and apparently as an incident in the proceeding on such appeal what he *Page 633 
termed a petition for "preliminary declaratory judgment," which was later amended by filing a substituted petition, making the "State of Alabama" the sole party respondent, praying as follows: "That a declaratory judgment be rendered adjudging and declaring that the Commissioner of Revenue has the legal authority to enter an order extending the time for petitioner to file its September 1939 Sales Tax return from October 20, 1939 to October 26th, 1939; and that the court specify a period of time in which to afford the Commissioner of Revenue an opportunity to make such an order; and that further proceedings in the main cause be suspended during said period of time; and if petitioner be mistaken as to the relief herein prayed for, petitioner prays for such other further and different relief as to your honor seems meet and proper."
The petition contained the following allegations in part: "Petitioner avers that the Commissioner of Revenue is now ready, willing and anxious to make and enter an order extending the time for the filing of petitioner's September 1939 Sales Tax Return from October 20, 1939 to October 26, 1939, if it be judicially declared and ascertained that the Commissioner of Revenue has legal authority to make such order of extension; but at the present time the Commissioner of Revenue is unwilling to make and enter such order of extension solely for the reason that he incorrectly conceives that he lacks the legal authority and power to make such order of extension. Petitioner avers that the Commissioner of Revenue now has the legal authority and power to make such order of extension, with retroactive effect."
This is made manifest by attaching a letter from the Commissioner of Revenue, dated March 13, 1940, and another letter from him dated March 12, 1940, to both of which we have referred.
We think it may be well to repeat emphatically that by virtue of section 14 of the Constitution of Alabama of 1901, under no circumstances and in no sort of suit can the State of Alabama ever be made a defendant in any court of law or equity. This prohibition cannot be waived, and it cannot be avoided by suing a State agency when the substance and effect is a suit against the State. Alabama Girls' Industrial School v. Reynolds,143 Ala. 579, 42 So. 114; Cox v. Board of Trustees University of Alabama, 161 Ala. 639, 49 So. 814; State Docks Comm. v. Barnes,225 Ala. 403, 143 So. 581; State Tax Comm. v. Commercial Realty Co., 236 Ala. 358, 182 So. 31; Barlowe v. Employers Ins. Co.,237 Ala. 665, 188 So. 896.
But we have held that when an officer of the State is confronted with an uncertain problem of what the law means which requires certain acts on his part, or whether the law is valid, and he proposes to pursue a certain course of conduct in that connection, which would injuriously affect the interests of others who contend that he has no legal right thus to act, there is thereby created a controversy between them and the Declaratory Judgments Act furnishes a remedy for either party against the other to declare the correct status of the law. The purpose is to settle a controversy between individuals, though some of them may be State officers. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479.
The right under the statute to a declaratory judgment is not a substitute for an appeal. Ex parte State, 241 Ala. 304(3),2 So.2d 765. It does not exist if adequate relief and appropriate remedy are presently available to the complaining party through other proceedings. State v. Inman, 238 Ala. 555, 191 So. 224.
An appeal had been taken in this proceeding, and in our opinion it does afford an adequate and appropriate remedy to this taxpayer to determine the question sought to be settled. The situation does not justify an independent suit for a declaratory judgment.
But the petition sets out a history of the proceedings leading to the final assessment dated April 22, 1939, supra, and attaches as exhibits copies of the various incidents in it, or refers to them in detail, such as appear on the appeal and constitute the record on appeal, and it states the nature of the controversy which was before the Department of Revenue, and which is involved on the appeal; and also states that the appeal was taken and prays for a decision of the only matters of difference between them which are subject to decision on the appeal. And it was filed in the same court of equity in which the appeal is pending, and apparently as a feature of the same proceeding; and upon being presented to the Hon. J. Russell McElroy, a judge of that court, he made an appropriate order as a feature of the proceedings *Page 634 
on appeal, and he apparently so regarded it.
The Act of April 21, 1936, Gen.Acts Ex. Sess., page 172, supra, amending section 103 of an Act of 1935, p. 307 (section 140, Title 51, Code of 1940) provides in respect to such appeals that the party taking the appeal shall be styled appellant and the other party, the appellee; that the court shall hear such appeals according to its own rules and methods or procedure so far as practicable, and shall decide all questions both as to the legality of the assessment and the amount thereof.
In the case of State v. Mobile O. R. Co., 228 Ala. 533,154 So. 91, 93, we made note of what we thought was appropriate pleading when such an appeal is taken to an equity court, and we stated that when an appeal is thus taken, as when a cause is removed to equity from the law court, the appellant occupies the position of a complainant as well as appellant, and "should file a complaint in that court in the nature of a bill in equity, setting out in detail the specific nature of the claim made by [him] in respect to the tax and pray for appropriate relief, and may invoke any of the ordinary equity powers of that court. An issue should thus be made as in other equity cases." In that case the appellant from a tax assessment by the State Tax Commission (as it was then called) filed such a complaint, and it was heard and tried on that theory, which we approved. This is altogether consistent with the provisions in section 103 of the Act of 1935, as amended by the Act of 1936, supra (section 140, Code, supra), which provides that the rules, methods and procedure in equity shall prevail so far as applicable.
The petition for preliminary declaratory judgment filed in equity in the instant case is sufficient in every feature of its averments to comply with that procedure, except in that it prays for a declaratory judgment. But it also prays for general relief. The nature of a bill in equity is not determined by its prayer, but the substance of the allegations, when there is a prayer for general relief.
Neither will the relief be limited to the benefits of any certain statute when the whole frame of it justifies relief under other principles of law, though that statute is declared to be the basis on which it seeks relief.
When such an appeal is taken by a taxpayer to the Circuit Court in equity from an assessment made by the Department of Revenue, the State is the appellee. Designating the State as respondent when it properly should be styled appellee does not alter its status in the proceeding. The State is not thereby made a party defendant in violation of section 14 of the Constitution, but is the appellee on an appeal in which it already is a party.
We think that it accords with its true status to consider the instant petition by appellant in the equity court as of the nature of pleading which he should have filed to make the issue which he seeks to have determined on his appeal and it should be so treated, and that the State is properly and necessarily made the adversary in it, but should be more appropriately designated as appellee. So considered, the motion of the State to dismiss the petition because it is violative of section 14 of the Constitution was overruled without error.
Thereupon the State demurred to the petition which is of course the proper method in equity to raise an issue of law on the facts alleged, whether the proceeding be a tax appeal to equity, or some other equitable right and remedy.
When an appeal is taken as authorized by section XVIII of the Act of 1939, supra (section 768, Title 51, Code of 1940), the provisions of section 103 of the Act of 1935, as amended by the Act of 1936, page 172, supra, (section 140, Title 51, Code) are thereby applicable. It is there provided that the court "shall decide all questions both as to the legality of the assessment and the amount thereof." That means that it is triable de novo. The penalty is a part of the assessment.
The instant petition declares the issue on appeal to be whether the right to extend the time for making the return could be exercised after October 20, and after the tax had become delinquent.
Under the terms of section 103 as amended by the Act of 1936, supra (section 140, Title 51, Code), an order of the department refusing to make an extension, such as is here sought, thus adding a penalty by operation of law, is a matter of review on appeal triable de novo, with the power of the court to act upon that question as on all other questions involved in the matter and make an assessment final in all respects. In this particular, the power of *Page 635 
the department is not merely discretionary, but it is judicial and made to depend upon "good cause," and the decision of the question is not expressly limited to the Department of Revenue.
It is therefore the duty of the court on appeal in the instant case to determine whether the taxpayer lost his right to have an extension allowed because he failed to act on or before October 20, and not until October 26, although he may have had good cause, and whether the facts alleged show good cause.
In the foregoing features of this opinion Chief Justice GARDNER, Justices THOMAS and BOULDIN concur. Justices BROWN and LIVINGSTON dissent. Justice LAWSON not sitting.
This writer thinks that the allegations of this petition make out a claim of good cause, and it is quite apparent that the Department of Revenue so regarded it, but thought it was beyond their power thus to act unless it is done on or before October 20. I do not think that when for good cause there is a failure as here alleged, the legislature meant to penalize a taxpayer.
The observations we made in the case of State v. Clarke,240 Ala. 362, 199 So. 543, with the citations, are appropriate here, that penalties are strictly construed in favor of the taxpayer, and their purpose is to compel him to pay his taxes promptly and to punish for frauds, evasions and neglect of duty. Those are questions to be decided on appeal in connection with the claim of good cause.
If this taxpayer had good cause for neglecting to pay by the 20th of October on the showing he made in this petition, it was good cause for not asking an extension prior to that date. I have no doubt that an extension could not be made for a cause which came into being after default, but when for good cause he fails to pay on time, and that would have been good cause to extend the time of payment existing on the day of default, the power should be held on a liberal construction of the law to continue to exist for such a time as may be necessary to act justly within the law. This taxpayer is alleged to have paid promptly the full and correct amount after the cause for delay was removed, and he sought an extension by his conduct if not in words on that day.
It is interesting to note that apparently at the instance of the Commissioner of the Department of Revenue this question has been settled for the future by adding a proviso to section 764, Title 51, Code, which is not here controlling. It is significant of a then existing legislative purpose, not to say a legislative interpretation.
It is my view that the taxpayer has made out by his allegations and exhibits a prima facie case of good cause, and it is quite evident that the Commissioner of Revenue so regarded it.
We do not think that section 100 of the Constitution prevents such relief. Whatever liability to the State existed after October 20 for the penalty it was subject to the condition that it might be made ineffectual by virtue of the very statute which created it. It was a conditional liability, and this appeal is to try the question of the existence of the condition therein provided. Section 100 of the Constitution does not serve to make a liability absolute when by its creation it is conditional.
The demurrer was in my judgment overruled without error.
THOMAS, J., concurs in the foregoing opinion both as to the procedure and on the merits.