MURDOCK, Judge.
Bobby Dunn appeals from a summary judgment entered by the Montgomery Circuit Court in favor of Dewey Davenport and May Davenport.
On March 11, 1983, the Davenports purchased and began occupying a parcel of land in Montgomery County. At the time they acquired it, the parcel was bordered on all sides by either wire fencing or existing tree lines. The Davenports maintained the property up to the fence lines and the tree lines.
On December 31, 1997, Bobby Dunn purchased the parcel of land directly north of the Davenports’ property. The southern boundary of Dunn’s property is the northern boundary of the Davenports’ property.
In 2001, Dunn had his property surveyed. The survey revealed that the fence purportedly on the northern boundary of the Davenports’ property actually encroached approximately 25 feet onto Dunn’s property. On November 1, 2001, Dunn wrote Mr. Davenport and requested that he move that portion of the fence that was on Dunn’s property “back to the true property line.” He made a second request by letter of Mr. Davenport to move the fence on November 14, 2001. The Davenports did not move the fence.
On May 7, 2003, Dunn filed a complaint alleging that the Davenports were trespassing on his property and that their actions constituted a nuisance. He sought compensatory and punitive damages, as well as an injunction requiring the Davenports to remove the fence. On June 5, 2003, the Davenports filed an answer denying the material allegations of the complaint. They also filed a counterclaim, seeking to have the court find that they had obtained title to the land encompassed by the fence to the north of their property by adverse possession or by prescription.
On November 16, 2004, the Davenports filed a motion for a summary judgment, contending that they had satisfied the requirements of adverse possession and that, therefore, they were entitled to ownership of the disputed tract of land lying between the southern boundary reflected in Dunn’s deed and the fence 25 feet to the north of that boundary. In support of their motion, the Davenports offered, among other things, Mr. Davenport’s affidavit in which he stated in pertinent part:
“On March 11, 1983, my wife and I acquired in excess of sixteen acres of real property located in Montgomery County, Alabama, in the southeastern portion of the city which is located on Woodley Road. From that date forward my wife and I went into possession of the subject real property, it was bordered on all sides by either barbed wire fencing or existing tree lines. From that date forward, we maintained said property up to the fence lines and tree lines as our own in a manner which is *875 consistent with rural property. In doing so, we specifically claimed that property which is now in dispute by [Dunn] up to the existing tree line for twenty years prior to the filing of [Dunn’s] complaint and we continue to claim such property to this day. With regard to the disputed tract, for over twenty years we have bushhogged such area, walked the area, raised cattle thereon, cultivated hay, maintained the area and claimed the same as our own to the exclusion of all others.”
(Emphasis added.) Although Dunn filed a brief in response to the Davenports’ motion, he did not file any evidence in opposition. Consequently, the facts stated in Mr. Davenport’s affidavit became undisputed for purposes of the Davenports’ summary-judgment motion.
On December 17, 2004, the trial court held a hearing on the Davenports’ motion. On January 11, 2005, the trial court granted the Davenports’ motion and entered a summary judgment in their favor, finding that they had satisfied the elements of adverse possession. Dunn filed a motion to alter, amend, or vacate the judgment, which the trial court denied on March 23, 2005. Dunn appeals.
In his initial brief to this court, Dunn makes only one argument. Although, as noted above, the facts pertaining to the Davenports’ possession of the disputed tract are undisputed for purposes of the Davenports’ summary-judgment motion, Dunn argues that those facts do not evidence a possession of the property that is “hostile” in the sense necessary to establish a claim of adverse possession. Specifically, Dunn argues that the Davenports’ possession did not become “hostile” until after Dunn sent the letters in 2001 requesting that the Davenports move the fence off of his property.[1] The element of hostility not being present for the requisite time, Dunn argues, the trial court erred when it entered a judgment in the Davenports’ favor.
Our Supreme Court explained in Tidwell v. Strickler, 457 So.2d 365 (Ala.1984):
“[T]here are basically two types of adverse possession; statutory adverse possession, and adverse possession by prescription. Both require the common elements of actual, exclusive, open, notorious, and hostile possession under a claim of right, but the statutory version, which requires possession for only ten years rather than the twenty years required by the prescription version, also requires that the possessor hold under color of title, have paid taxes on the property for ten years, or have derived his title by descent or devise.”
Tidwell, 457 So.2d at 368. Section 6-5-200, Ala.Code 1975, which sets out the elements that must be proven to establish “statutory adverse possession,” makes clear that, in a case involving a boundary dispute between coterminous landowners, possession need be maintained for only 10 years even if none of the three quoted alternative conditions is satisfied. See § 6-5-200(c), Ala.Code 1975; and Carpenter v. Huffman, 294 Ala. 189, 191, 314 So.2d 65, 67-68 (1975) (discussing statutory predecessor to § 6-5-200). A party claiming title to property by adverse possession must prove the elements of adverse possession by clear and convincing evidence. Id.
*876 As to the element of hostility, our Supreme Court has stated:
“Another essential element of adverse possession relates to the claimant’s intent to assert dominion and control over the disputed property. Reynolds v. Rutland, 365 So.2d 656 (Ala.1978). The Reynolds court emphasized, however, that although ‘intent to claim the disputed strip is required, there is no requirement that the intent be to claim property of another, as such a rule would make adverse possession dependent upon bad faith. Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully. Smith v. Brown, [282 Ala. 528, 213 So.2d 374 (1968) ].’ Id. at 657-58.”
Strickland v. Markos, 566 So.2d 229, 233 (Ala.1990) (emphasis added).
Mr. Davenport stated in his affidavit that, since March 11, 1983, the Davenports have maintained the property up to the fence lines and tree lines as their own in a manner consistent with the ownership and use of rural property, including bushhog-ging it, walking it, raising cattle on it, cultivating hay on it, maintaining it, and claiming it as their own to the exclusion of the rights of others. While there may not be evidence indicating that the Davenports’ possession of the disputed strip was hostile in the sense of being accompanied by some belligerence or animus toward Dunn, the Davenports’ possession of the property was “hostile” within the meaning of that term for purposes of a claim of adverse possession. Because the Davenports held the property as their own, Dunn’s argument that the element of hostility was not satisfied is without merit.[2]
The trial court’s judgment is affirmed.
AFFIRMED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.

. According to Dunn, the requisite hostility did not manifest itself until the Davenports "ran off” a surveyor that Dunn had hired and threatened persons that Dunn had hired to clear the disputed strip.

. . The record reveals that, at a minimum, the Davenports adversely possessed the disputed tract for the 10-year period required in boundary disputes between coterminous landowners. We therefore pretermit consideration of the issue whether the Davenports established the requisite elements of adverse possession for a 20-year period.
Dunn makes additional arguments in his reply brief urging reversal. Because he did not make those arguments in his initial brief, we do not consider them. See C & S Family Credit of Alabama, Inc. v. McNairy, 613 So.2d 1232, 1232 n. 1 (Ala.1992).