On Rehearing Ex Mero Motu

PER CURIAM.
The opinion of January 9, 2009, is withdrawn, and the following opinion is substituted therefor.
On January 14, 2008, Christina Myers, individually and as representative of a potential class of plaintiffs, filed a complaint against Cynthia Underwood, in her official capacity as acting commissioner of the Alabama Department of Revenue (“the DOR”);[1] Kay Ivey, in her capacity as treasurer for the State of Alabama; and the Jefferson County Board of Equalization (“the Board”).
In her complaint, Myers[2] alleged that Underwood was responsible for ensuring *696 that the DOR implemented the program to conduct property appraisals for the purpose of assessing ad valorem taxes, see § 40-7-60 et seq., Ala.Code 1975, and that, pursuant to that program, the DOR had required the Board to perform annual property appraisals in Jefferson County. Myers alleged that the system implemented for establishing the value of property “do[es] not reflect a [property’s] fail* and reasonable market value,” as is required by § 40-7-62, Ala.Code 1975. Specifically, Myers alleged that “the exclusion of foreclosure and other sales results in appraisals that are significantly higher than the fair and reasonable market value of a piece of property.”
Underwood moved to dismiss the claims asserted against her on February 15, 2008. Myers opposed that motion. On April 22, 2008, the trial court entered an order denying the February 15, 2008, motion to dismiss. On that same date, the trial court entered an order substituting Tim Russell, the new acting commissioner of the DOR, in place of Underwood as a defendant in the action. Russell timely petitioned for a writ of mandamus, challenging the trial court’s denial of the February 15, 2008, motion to dismiss.[3]
Mandamus is an extraordinary remedy. An appellate court may grant a petition for a writ of mandamus only when “(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997)).
Before this court, Russell argues that Myers’s claims are barred by the doctrine of sovereign immunity. The State and its agencies and departments are immune from being sued; Article 1, § 14, Alabama Constitution of 1901, specifies that “the State of Alabama shall never be made a defendant in any court of law or equity.” Our supreme court has observed that “[t]his constitutional provision ‘has been described as a “nearly impregnable” and “almost invincible” “wall” that provides the State an unwaivable, absolute immunity from suit in any court.’ ” Alabama Dep’t of Transp. v. Harbert Int'l, Inc., 990 So.2d 831, 839 (Ala.2008) (quoting Ex parte Town of Lowndesboro, 950 So.2d 1203, 1206 (Ala.2006)); see also Patterson v. Gladwin Corp., 835 So.2d 137, 142 (Ala.2002). In addition, an indirect action against the State may not be maintained by suing a state officer in his or her official capacity if the action is, in effect, an action against the State. Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d at 839; Lyons v. River Road Constr., Inc., 858 So.2d 257, 261 (Ala.2003); and Patterson v. Gladwin Corp., 835 So.2d at 142.
“To determine whether an action against a State officer is, in fact, one against the State, this Court considers
“ ‘whether “a result favorable to the plaintiff would directly affect a contract or property right of the State,” Mitchell [v. Davis, 598 So.2d 801, 806 (Ala.1992) ], whether the defendant is simply a “conduit” through which the plaintiff seeks recovery of damages from the State, Barnes v. Dale, 530 So.2d 770, 784 (Ala.1988), and whether “a judgment against the officer would directly affect the financial status of *697 the State treasury,” Lyons [v. River Road Constr., Inc.], 858 So.2d [257] at 261 [ (Ala.2003) ].’
“Haley [v. Barbour County], 885 So.2d [783,] 788 [ (Ala.2004) ].”
Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d at 839.
An action, so long as it is not in effect one against the State, may be maintained against a state official in his or her official capacity under limited circumstances. Our supreme court has set forth a list of the types of actions or claims that generally may be maintained, without violating § 14, against a state official in his or her official capacity:
“ ‘(1) Actions brought to compel State officials to perform their legal duties. Department of Industrial Relations v. West Boylston Manufacturing Co., 253 Ala. 67, 42 So.2d 787 [ (1949) ]; Metcalf v. Department of Industrial Relations, 245 Ala. 299, 16 So.2d 787 [ (1944) ]. (2) Actions brought to enjoin State officials from enforcing an unconstitutional law. Glass v. Prudential Insurance Co. of America, 246 Ala. 579, 22 So.2d 13 [ (1945) ] .... (3) Actions to compel State officials to perform ministerial acts. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479 [ (1943) ], and cases there cited. (4) Actions brought under the Declaratory Judgments Act, [Ala.Code 1975, § 6-6-220 et seq.], seeking construction of a statute and how it should be applied in a given situation.’ ”
Patterson v. Gladwin Corp., 835 So.2d at 142 (quoting Aland v. Graham, 287 Ala. 226, 229-30, 250 So.2d 677, 679 (1971)). In addition, actions involving “ ‘ “valid inverse condemnation actions brought against State officials in their representative capacity; and ... actions for injunction or damages brought against State officials in their representative capacity and individually where it was alleged that they had acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law,” ’ ” are not prohibited by § 14 sovereign immunity. Alabama Dep’t of Transp. v. Harbert Int’l, Inc., 990 So.2d at 840 (quoting Drummond Co. v. Alabama Dep’t of Transp., 937 So.2d 56, 58 (Ala.2006), quoting in turn Ex parte Carter, 395 So.2d 65, 68 (Ala.1980)); Wallace v. Board of Educ. of Montgomery County, 280 Ala. 635, 639, 197 So.2d 428, 432-33 (1967); and Engelhardt v. Jenkins, 273 Ala. 352, 141 So.2d 193 (1962).
After setting forth the factual allegations in her complaint, Myers set forth the following claims for relief:
“WHEREFORE, PREMISES CONSIDERED, the Plaintiffs seek the following relief against the Defendants:
“1. The Plaintiff requests that this Honorable Court enter an Order pursuant to Rule 23(c)(1), Alabama Rules of Civil Procedure allowing this cause to be maintained as a class action, and further, that the Court will enter such other Orders as may be necessary and proper.
“2. That the Court enter a declaratory judgment declaring the application of fair and reasonable market value as being inclusive of and take into account sales based on foreclosed properties. Further that the current method of valuation as described above upon which Plaintiff and members of the class have been, and are to be, assessed tax liability is in violation of the law and therefore illegal, that it violates both State and Federal Constitutions as it constitutes unequal valuation and violates the equal protection and due process clauses of the Constitution of the United States.
“3. That the Court require the Defendants to utilize the correct method for valuation, which takes into account sale prices due to foreclosure of the property of the Plaintiff and members of the class.
*698 “4. That the Court require the Defendants to reassess the property of Plaintiff and members of the class for all years improperly assessed and to refund all excessive taxes improperly collected.
“5. That the Court award to the Plaintiffs attorney, as attorney for class, a reasonable attorney’s fee from any amount Ordered refunded to the class.
“6. That the Court prevent further damage to the Plaintiff and the class by enjoining the County from collecting taxes pursuant to the illegal method described above as immediate and irreparable injury, loss, or damage will result and is currently occurring among the Plaintiff and the class.
“7. That the Court award to the Plaintiff and to the class such other, further and different relief to which Plaintiff and the class may be entitled under the circumstances.”
Before this court, Russell argues that the trial court erred in failing to dismiss Myers’s claims because, he alleges, the doctrine of sovereign immunity barred the claims. In making this argument, Russell interprets Myers’s claims as seeking only monetary relief in the form of refunds of overpaid or improperly paid property taxes. In response, Myers contends that her claims fall within each of the exceptions to sovereign immunity set forth in Patterson v. Gladwin Corp., supra, and Aland v. Graham, supra. Accordingly, we examine each of Myers’s claims for relief as they pertain to Russell.
Myers’s claims seeking reimbursement of purportedly overpaid ad valorem taxes or an award for an attorney fee are claims seeking compensatory damages. Those claims, although purportedly asserted against Russell in his official capacity, are in actuality indirect claims against the State that impermissibly seek to adversely affect the financial situation of the State. See Alabama Dep’t of Transp. v. Harbert Int'l, Inc., supra. Our supreme court has held that an action seeking a refund of previously paid taxes was an action against the State “within the meaning of § 14” and that such an action could result in a judgment that “would ‘affect the financial status of the state treasury.’ ” Patterson v. Gladwin Corp., 835 So.2d at 142, 143 (quoting State Docks Comm’n v. Barnes, 225 Ala. 403, 405, 143 So. 581, 582 (1932)). Accordingly, such an action is barred by § 14. Id.; see also Alabama Dep’t of Transp. v. Harbert Int’l, Inc., supra. Also, our courts have specifically stated that § 14 prevents the assertion of a claim for an attorney fee against the State. See Ex parte Town of Lowndesboro, 950 So.2d at 1209-11 (Section 14 precludes an award of an attorney fee in a declaratory-judgment action against a state agency or department); and Ex parte Alabama State Bd. of Chiropractic Exam’rs, 11 So.3d 221, 226 (Ala.Civ.App.2007) (Section 14 bars claims for attorney fees and costs).
Given the foregoing, we conclude that the trial court erred in denying the motion to dismiss as it pertained to Myers’s claims seeking a refund of allegedly overpaid ad valorem taxes and an award of an attorney fee. Accordingly, we grant Russell’s petition for a writ of mandamus as it pertains to those claims.
In addition to her claims seeking a refund and an attorney fee, one of Myers’s claims (contained in paragraph two of her claims for relief) seeks a judgment declaring the correct manner in which to calculate the “fair and reasonable market value”[4] of property under the applicable statutory scheme. Russell argues that Myers’s claim seeking declaratory relief is, in actuality, merely a different way *699 to state her claims seeking monetary damages. Russell cites Lyons v. River Road Construction, Inc., supra, in which our supreme court held that the plaintiffs claim for declaratory relief actually sought a declaration of the plaintiffs right to recover monetary damages on a contract between the parties. The court, concluding that the claim did not fall within the declaratory-judgment exception to sovereign immunity, explained that the claim would “not prevent a mistaken interpretation of the law because [the plaintiff] has presented no law to interpret.” Lyons v. River Road Constr., Inc., 858 So.2d at 263. Similarly, our supreme court has rejected an argument that the declaratory-judgment exception to sovereign immunity applied when the claim at issue did not seek to “construe a statute and declare how it should be applied”; rather, the plaintiff sought only a declaration that a liquidated-damages provision of a contract should not be enforced against it. Ex parte Alabama Dep’t of Trump., 978 So.2d 17, 25 (Ala.2007).
In this case, however, Myers has argued that the DOR, in establishing the “fair and reasonable market value” of property, has failed to take into consideration sales resulting from foreclosures on property; she contends that such sales should be considered in reaching valuations of property under the applicable statutes. Russell has not yet answered Myers’s complaint. However, it is clear from the position Underwood took in the trial court and that Russell has taken before this court that Russell disagrees with Myers’s argument concerning the proper method of valuing property for the assessment of ad valorem taxes. Thus, Myers is seeking a construction of the valuation statutes and a determination of how those statutes should be applied. See Ex parte Alabama Dep’t of Transp., 978 So.2d at 25. Although her complaint clearly impermissibly seeks an award of damages in the form of a refund based on a retroactive application of her interpretation of the applicable statutes, to the extent that she seeks a determination of the proper valuation method to be applied presently and in the future, that part of Myers’s claim seeking declaratory relief is not barred by § 14 sovereign immunity. Latham v. Department of Corr., 927 So.2d 815, 821 (Ala.2005) (holding that the claim seeking a declaratory judgment was not barred by § 14, but affirming the trial court’s dismissal of the claim on the basis that the plaintiff in a purported class action was not a proper class representative). Accordingly, because Myers’s claim seeking declaratory relief falls within an exception to the doctrine of sovereign immunity, see Patterson v. Gladwin Corp., 835 So.2d at 142, the trial court properly denied the motion to dismiss pertaining to that part of Myers’s complaint asserting that claim.
Russell also argues that Myers’s constitutional claim, set forth in the latter part of paragraph two of her claims for relief, is also barred by sovereign immunity. As part of her claim seeking declaratory relief, Myers asks the trial court to determine that because, she contends, the manner in which Russell and the DOR value property for ad valorem tax purposes is erroneous, her constitutional due-process and equal-protection rights were violated.
In Ex parte Town of Loimdesboro, 950 So.2d at 1211 n. 5, our supreme court stated:
*700 “In State v. Louis Pizitz Dry Goods Co., 243 Ala. 629, 633, 11 So.2d 342, 345 (1943), superseded, in part, on other grounds, Ala.Code 1940, tit. 7, § 167 (now Ala.Code 1975, § 6-6-221), we further explained why a declaratory-judgment action is not barred by § 14:
“ ‘But we have held that when an officer of the State is confronted with an uncertain problem of what the law means which requires certain acts on his part, or whether the law is valid, and he proposes to pursue a certain course of conduct in that connection, which would injuriously affect the interests of others who contend that he has no legal right thus to act, there is thereby created a controversy between them and the Declaratory Judgments Act furnishes a remedy for either party against the other to declare the correct status of the law. The purpose is to settle a controversy between individuals, though some of them may be State officers.’
“See also Thurlow v. Berry, 247 Ala. 631, 639, 25 So.2d 726, 733 (1946) (‘This court has declared the rule to be that when a suit against a state official seeks a declaration of applicable principles of law to a certain status and direction of the parties in the premises, it does not infringe Section 14, Constitution, or violate sovereign immunity.’).”
In the case now before us, Myers’s constitutional claim asserts that Russell has no legal right to interpret the valuation statutes in the manner he does with respect to Myers because, she asserts, Russell’s interpretation of those statutes renders them unconstitutional as applied to Myers. Under Ex parte Town of Lowndesboro and State v. Louis Pizitz Dry Goods Co., such a claim falls within the declaratory-judgment exception to sovereign immunity. Moreover, a judgment in favor of Myers on her constitutional claim would not result in the recovery of “damages or funds from the State treasury.” Ex parte Town of Loumdesboro, 950 So.2d at 1206. Accordingly, we affirm the trial court’s denial of Russell’s motion to dismiss with respect to Myers’s constitutional claim.
Myers also seeks, in paragraph three of her claims for relief, an order requiring “the Defendants [ (one of whom is Russell) ] to utilize the correct method” for determining property valuations for ad va-lorem tax purposes, which she contends takes into consideration prices from foreclosure sales. As already stated in this opinion, we have held that Myers’s claim seeking a declaration of the “correct” method for property valuations properly survived the February 15, 2008, motion to dismiss filed by Underwood (now Russell), and, therefore, that claim remains pending in the trial court. Assuming that the case proceeds to a judgment on the merits of that declaratory-judgment claim, the trial court will reach a determination of what it finds to be the “correct” interpretation of the applicable valuation statutes. It is axiomatic that the parties are to follow and comply with any determination reached by the trial court in an order or judgment. A provision “requiring” a party to comply with a trial court’s order or judgment would be redundant. Accordingly, we conclude that Russell has not demonstrated “a clear legal right” to the dismissal of that claim. See Ex parte Flint Constr. Co., 775 So.2d at 808.
We grant the petition for a writ of mandamus with regard to Myers’s claims seeking a refund of purportedly overpaid taxes and an award of an attorney fee. The petition is denied with regard to the other claims asserted against Russell.
ON REHEARING EX MERO MOTU: OPINION OF JANUARY 9, 2009, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
*701 BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in part and dissents in part, with writing, which PITTMAN, J., joins.

. As explained later in this opinion, Tim Russell was substituted as the acting commissioner of the DOR.

. The trial court has not yet ruled upon Myers’s request for class certification. Accordingly, for the purposes of this opinion, we *696 refer to Myers and any members of a potential class as "Myers."

. All the documents and briefs filed in this court in this mailer are erroneously styled in Underwood’s name.

. Section 40-7-62, Ala.Code 1975, requires that the county shall have property appraised *699 at its "fair and reasonable market value.” However, Russell appears to concede that this claim for declaratory relief may be prosecuted against the DOR. Indeed, several sections of the article governing reappraisal of state property indicates that the DOR establishes the method by which the “fair and reasonable market value” of property is to be computed. See § 40-7-60 through -75, Ala.Code 1975.