PER CURIAM.
Jason Ray Sweatman, an inmate at Ven-tress Correctional Facility (“the prison”), appeals from a judgment dismissing his civil action against the warden of the prison, J.C. Giles, and the chaplain of the prison, Daniel B. Rieben.
Sweatman filed a complaint against Giles and Rieben, both individually and in their official capacities, pursuant to 42 U.S.C. § 1983. In the complaint, Sweat-man alleged that Giles had violated his Eighth Amendment rights by failing to enforce the prison’s no-smoking policy. Specifically, Sweatman asserted that Giles “acted with deliberate indifference” by failing to enforce the prison’s no-smoking policy inside the prison facility. Giles’s conduct, Sweatman alleged, resulted in his near-constant exposure to secondhand tobacco smoke, also known as environmental tobacco smoke (“ETS”), “causing him nausea and his eyes to burn and also causing [him] to have difficulty breathing.” In the complaint, Sweatman also alleged that exposure to secondhand smoke “has been proven by medical science to cause adverse health effects including but not limited to cancer, heart disease, and etc.”
Sweatman asserted that Rieben had violated his First Amendment rights. Sweat-man alleged that Rieben “governed” the prison’s “honor dorm,” where, he said, the prison’s no-smoking policy was “halfway” enforced.[1] Sweatman further alleged that any inmate residing in the honor dorm was required to attend at least one religious service a month. Such a requirement, Sweatman alleged, violated his rights under the Free Exercise Clause of the First Amendment.
As relief, Sweatman sought an injunction ordering Giles and Rieben, among other things, to provide a nonsmoking dorm without imposing “religious requirements”; to provide designated smoking areas for both inmates and correctional officers; to prohibit smoking near the health-care unit, the “chow line,” and the “pill line”; and to strictly enforce the prison’s no-smoking policy. He also sought monetary damages.
Giles and Rieben filed a motion to dismiss Sweatman’s complaint or, alternatively, for a summary judgment. In their motion, they asserted that Sweatman had failed to state a claim upon which relief could be granted, and they claimed that they were entitled to various forms of immunity. No evidentiary submission was filed in support of their motion.
On November 25, 2012, the Barbour Circuit Court (“the trial court”) dismissed the action “pursuant to Rule 12(b)[, Aja. R. Civ. P.].” Sweatman appealed the judgment to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1976.
In his brief to this court, Sweatman contends that the trial court improperly dismissed the action on the ground of immunity. As mentioned, in his complaint Sweatman asserted claims against Giles and Rieben in both their official and their individual capacities, pursuant to 42 U.S.C. § 1983. That statute provides, in pertinent part:
“Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the *216 jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.... ”
Giles and Rieben asserted in their motion to dismiss, and assert in their brief on appeal, that, as state employees, they are entitled to sovereign immunity. Although they did not explicitly assert qualified immunity, we discuss its application in this case out of an abundance of caution. In Watkins v. Mitchem, 50 So.3d 485 (Ala.Civ.App.2010), this court addressed the application of sovereign immunity and qualified immunity to state employees in the context,of § 1983 actions, stating:
“In. the defendants’ answer, they stated: ‘The defendants named in their official capacity plead the affirmative defense of sovereign immunity.’ Sovereign immunity, arising pursuant to the Alabama Constitution of 1901, § 14, provides no protection to the defendants because ‘[sjection 14 immunity has no applicability to federal-law claims.’ Bedsole v. Clark, 33 So.3d 9, 13 (Ala.Civ.App.2009) (rejecting defendants’ argument that they were entitled to a summary judgment on plaintiffs 42 U.S.C. § 1983 claim on the basis of sovereign immunity). See also Ex parte Russell, 31 So.3d 694, 696 (Ala.Civ.App.2009) (actions seeking a declaratory judgment or actions seeking to enjoin state officials from enforcing an unconstitutional law are not subject to sovereign immunity). But see Will [v. Michigan Department of State Police, 491 U.S. 58 (1989) ] (recognizing that governmental officials and governmental employees are subject to suit in § 1983 actions for prospective injunc-tive relief); and Griswold [v. Alabama Dep’t of Indus. Relations, 903 F.Supp. 1492, 1500 n. 7 (M.D.Ala.1995) ] (same). Because Watkins’s complaint asserted only federal-law claims, the trial court could not have properly granted the individual defendants, named in their official capacities, a judgment on the pleadings on the basis of sovereign immunity. To the extent Watkins sought monetary damages against the individual defendants in their official capacities, however, the trial court’s judgment in favor of the individual defendants is affirmed because claims for such relief are barred under § 1983. See Will, supra; and Griswold, supra.
“The individual defendants also asserted in their answer: ‘The defendants named in their individual capacity plead the affirmative defense of qualified immunity.’ Qualified immunity applies only to governmental officials and governmental employees sued in their individual capacities. See Flood v. State of Alabama Dep’t of Indus. Relations, 948 F.Supp. 1535, 1547 (M.D.Ala.1996) (discussing application of qualified immunity). In Ex parte Madison County Board of Education, 1 So.3d 980 (Ala.2008), our supreme court stated:
“ ‘ “ ‘Qualified immunity is designed to allow government officials to avoid the expense and disruption of .going to trial, and is not merely a defense to liability.’ Hardy v. Town of Hayneville, 50 F.Supp.2d 1176, 1189 (M.D.Ala.1999). ‘An official is entitled to qualified immunity if he is performing discretionary functions and his actions do “‘not violate clearly established statutory or constitutional rights of which a reasonable person would have known.’ ” ’ Hardy, 50 F.Supp.2d at 1189 (quoting Lancaster v. Monroe County, 116 F.3d 1419, 1424 (11th Cir.1997)).” ’
*217 “Ex parte Madison County Bd. of Educ., 1 So.3d at 990 (quoting Ex parte Alabama Dep’t of Youth Servs., 880 So.2d 393, 402 (Ala.2003)).
“In Hardy v. Town of Hayneville, 50 F.Supp.2d 1176 (M.D.Ala.1999), an inmate brought claims, pursuant to 42 U.S.C. § 1983, against an arresting police officer, the chief of police, the may- or, and the Town of Hayneville. Upon consideration of the defendants’ motion to dismiss the inmate’s claims, the United States District Court for the Middle District of Alabama discussed at length the law applicable to the affirmative defense of qualified immunity. The court stated:
“ ‘[The] Defendants ... have asserted the defense of qualified immunity in a Rule 12(b)(6) motion to dismiss, and they are entitled to qualified immunity at this stage in the proceedings if the Plaintiffs[’] complaint fails to allege a violation of a clearly established constitutional right. Santamorena v. Georgia Military College, 147 F.3d 1337, 1340 (11th Cir.1998). To overcome this immunity, a plaintiff has the burden of “pointing to case law which predates the official’s alleged improper conduct, involves materially similar facts, and truly compels the conclusion that the plaintiff had a right under federal law.” Id. When considering whether the law applicable to certain facts is clearly established, the facts of the case need not be the same, but must be materially similar. Id. at 1339. Only in exceptional cases are the words of a federal statute or constitutional provision specific enough, or the general constitutional rule already identified in decisional law so clearly applicable, so that specific case law is not required. See id. at 1339 n. 6. “If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant.” Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1150 (11th Cir.1994) (internal quotations and citations omitted).’
“50 F.Supp.2d at 1189-90. Because in response to the individual defendants’ motions to dismiss the inmate in Hardy failed to provide the necessary caselaw, the district court granted the motions to dismiss as to the defendants sued in their individual capacities. Id. at 1190.
“Upon consideration of the claims asserted in Watkins’s complaint and the defenses asserted in the defendants’ answer, the trial court entered a judgment in favor of the defendants. Because the trial court considered only those two pleadings, the trial court could not have possibly considered any response filed by Watkins to the defendants’ claim of qualified immunity. Thus, the trial court has not afforded Watkins the opportunity to rebut the defendants’ claim that they were entitled to qualified imT munity. To the extent the trial court entered a judgment in favor of the individual defendants on the basis of that affirmative defense, that judgment was prematurely entered.”
Watkins, 50 So.3d at 490-91.
As was the case in Watkins, Sweatman’s complaint asserted only federal-law claims; therefore, the trial court could not have properly dismissed the claims against Giles and Rieben, named in their official capacities, on the basis of sovereign immunity. However, to the extent Sweatman sought monetary damages against Giles and Rieben in their official capacities, the trial court’s judgment in favor of Giles and Rieben is affirmed because claims for such relief are barred under § 1983. Watkins, supra.
*218 In its order of dismissal, the trial court stated that, in granting the motion to dismiss, it had considered Sweatman’s complaint and Giles and Rieben’s motion to dismiss. Again, as was the case in Watkins, the trial court’s failure to consider the other pleadings or documents that Sweatman filed after the motion to dismiss was fijed deprived Sweatman of an opportunity to rebut a claim of qualified immunity. We note that “a motion to dismiss is typically not the appropriate vehicle by which to assert qualified immunity or State-agent immunity and ... normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery.” Ex parte Alabama Dep’t of Mental Health & Mental Retardation, 837 So.2d 808, 813-14 (Ala.2002). Accordingly, to the extent the trial court dismissed Sweatman’s § 1983 action on the ground that Giles and Rieben were entitled to qualified immunity, such a determination was premature. Watkins, 50 So.3d at 491.
Furthermore, we note that on November 20, 2012, five days before the trial court entered its judgment dismissing the action, Sweatman filed an objection-to the motion to dismiss, although the trial court apparently did not consider that objection. In that objection, Sweatman stated:
“In the most recent years society’s additude [sic] ha[s] evolved to the point that unwanted exposure to ETS may amount to a violation of ‘society’s evolving standards of decency’ because the health consequences from ETS are magnified in prison settings because of the nearly constant exposure of ETS. Avery v. Powell, 695 F.Supp. 632 (D.N.H.1988).”
In Avery v. Powell, 695 F.Supp. 632 (D.N.H.1988), an action brought by a prison inmate pursuant to § 1983, the United States District Court for the District of New Hampshire denied a prison warden’s motion to dismiss an inmate’s claim that his Eighth Amendment rights were being violated because of continuous exposure to secondhand tobacco smoke, or ETS. In reaching its decision, the district court stated:
“[Bjecause ‘the touchstone [of cruel and unusual punishment] is the effect upon the imprisoned,’ Rhodes [v. Chapman,] 452 U.S. [337] at 367 [ (1981) ] (Brennan, J., concurring), and because society has recognized that exposure to ETS may be a potentially significant danger to health, this Court finds for the purposes of this motion that, because plaintiff might establish that his constant involuntary exposure to ETS is harmful to his health, he has stated a claim for cruel and unusual punishment under the Eighth Amendment.”
Avery, 695 F.Supp. at 640.
By citing an opinion — written more than 20 years before the wrongful conduct alleged in this case — that held that constant involuntary exposure to ETS could constitute a violation of his Eighth Amendment rights, it appears that Sweatman met his burden of “ ‘ “pointing to case law which predates the official’s alleged improper conduct, involves materially similar facts, and truly compels the conclusion that the plaintiff had a right under federal law.” ’ ” Watkins, 50 So.3d at 491 (quoting Hardy v. Town of Hayneville, 50 F.Supp.2d 1176, 1189-90 (M.D.Ala.1999), quoting in turn Santamorena v. Georgia Military Coll., 147 F.3d 1337, 1340 (11th Cir.1998)).
Giles and Rieben have also asserted that they are entitled to state-agent immunity. However, as this court has previously noted, state-agent immunity does not apply to § 1983 claims. Felder v. Allen, 29 So.3d 897, 901 n. 2 (Ala.Civ.App. *219 2009). Moreover, it is well settled that state-agent immunity does not operate to bar actions seeking injunctive or declaratory relief against state agents. Colbert Cnty. Bd. of Educ. v. James, 83 So.3d 473, 481 (Ala.2011); see also Matthews v. Alabama Agric. & Mech. Univ., 787 So.2d 691, 698 (Ala.2000) (noting that an action seeking injunctive or declaratory relief against a state agent is not barred by the doctrine of state-agent immunity). Accordingly, to the extent the trial court may have granted the motion to dismiss Sweatman’s claims for injunctive relief on the basis of state-agent immunity, it erred in doing so.
Sweatman also contends that the dismissal of his § 1983 action based on his alleged failure to state a claim for which relief could be granted was improper.
“ ‘In Nance v. Mattheivs, 622 So.2d 297 (Ala.1993), [the supreme court] stated the standard of review applicable to a ruling on a motion to dismiss:
“ ‘On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P„] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.’
“622 So.2d at 299 (citations omitted).”
Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004).
A correctional official may be held liable under the United States Constitution for acting with “deliberate indifference” to an inmate’s health or safety when the official knows that the inmate faces “a substantial risk of serious harm” and with such knowledge disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As Sweatman points out in his brief on appeal, the United States Supreme Court has stated that a cause of action exists under the Eighth Amendment when a prisoner alleges that prison officials have, with deliberate indifference, exposed him or her to levels of ETS that pose an unreasonable risk of harm to his or her future health. Helling v. McKinney, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (concluding that prisoner stated a claim when he was forced to share a cell with a five-pack-per-day smoker); see also Atkinson v. Taylor, 316 F.3d 257, 262 (3d Cir.2003) (holding that a prisoner who claimed that he had shared a cell with constant smokers for many months stated a claim for a violation of a clearly established right); and Avery v. Powell, supra (prisoner’s assertion that his constant involuntary exposure to ETS is harmful to his .health stated a claim of cruel and unusual punishment).
In this case Sweatman alleged in his complaint that Giles had acted with deliberate indifference to his health by failing to enforce the prison’s no-smoking policy and by failing to designate smoking areas within the prison facility. He does not include Rieben in this allegation. As a result of Giles’s conduct, Sweatman asserted, he has suffered “near-constant exposure” to ETS, which has caused him to experience nausea, burning eyes, and difficulty breathing. He also asserted that exposure to ETS can have long-term adverse affects on his health. It appears *220 that the only allegation Sweatman made as to Rieben regarding the alleged violation of his Eighth Amendment rights, as opposed to his First Amendment rights, was that Rieben allowed smokers who reside in the honor dorm to purchase tobacco products.
In their appellate brief, Giles and Rieben assert that the judgment is due to be affirmed because Sweatman failed to establish certain elements required to sustain a § 1983 claim. They state that, “to survive summary judgment,” Sweatman was required to produce sufficient evidence of a substantial risk of serious harm, their deliberate indifference to that risk, and causation. However, their argument and the authorities they rely on deal with the propriety of a summary judgment, not the propriety of a dismissal of an action. In this case, the trial court stated in its judgment that it was dismissing Sweat-man’s action. The litigation in this action has not yet reached the summary-judgment stage; therefore, Giles and Rieben’s argument and supporting authority as to this issue are inapplicable at this point in the proceedings.
In light of the United States Supreme Court’s holding in Helling,[2] we conclude that Sweatman’s allegation against Giles— that is, that Giles’s conduct resulted in his “near-constant exposure” to ETS and that that exposure was harming his health and posing a risk to his future health — was sufficient to state a claim upon which relief could be granted. Accordingly, we conclude that the trial court erred in dismissing Sweatman’s claim that Giles violated his Eighth Amendment rights.
To the extent that Sweatman’s complaint may have asserted an Eighth Amendment claim against Rieben, we reach a different conclusion. According to the complaint, Rieben, whom Sweatman alleges “govern[s]” the honor dorm, allows inmates residing in the honor dorm to purchase tobacco products and only “halfway” enforces the no-smoking policy. Nothing in Sweatman’s complaint indicates how he is in any way harmed by Rieben’s practice of allowing honor-dorm inmates to purchase tobacco products. Even if Sweatman proved his allegations against Rieben as to this apparent claim, he would not be entitled to any relief. Accordingly, we conclude that the trial court properly dismissed Sweatman’s claim that Rieben violated his Eighth Amendment rights. See Knox, 893 So.2d at 322; and Rule 12(b)(6), Ala. R. Civ. P.
Sweatman also alleged that Rie-ben violated the Free Exercise Clause of the First Amendment by requiring inmates who lived in the honor dorm to attend a religious service at least once a month. The honor dorm, Sweatman asserted, is the only living area at the prison where the no-smoking policy was, at least partially, enforced. Therefore, if an inmate wishes to live in a smoke-free environment, he must attend a religious service at least once a month. Sweatman claimed that he is an agnostic and that Rieben’s requirement violated his First Amendment right not to participate in religious activities.
On appeal, Sweatman makes only a passing reference to his First Amendment claim. In his brief, he sets forth language from the First Amendment stating that “Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.” He then cites a case dealing with a prisoner’s right to ex *221 ercise free speech, which is not at issue in this case. Sweatman has not included any other authority in his appellate brief, and he does not attempt to make a legal argument asserting that his complaint stated a valid First Amendment claim against Rie-ben.
We recognize that Sweatman is appearing before this court pro se. However, it is well settled that “[r]ules governing the operation of the courts of this state are no more forgiving to a pro se litigant than to one represented by counsel.” Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890 (Ala.Civ.App.1991).
“Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” ’ Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butter v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).
Because Sweatman failed to make an argument that complies with Rule 28(a)(10), Ala. R.App. P., regarding the dismissal of his First Amendment claim, we affirm the judgment of the trial court as to that claim.[3]
For the reasons set forth above, to the extent the trial court’s judgment dismissed Sweatman’s claims for .injunctive relief and his Eighth Amendment claim against Giles, the judgment is reversed, and the cause is remanded for further proceedings. To the extent that the judgment dismissed Sweatman’s First and Eighth Amendment claims against Rieben, the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
All the judges concur.

. In Sweatman's complaint, he did not clarify what he meant by saying that the prison's no-smoking policy was "halfway" enforced in the honor dorm. In fact, he put the word "halfway” in quotation marks.

. This court is bound by the decisions of the United States Supreme Court. See Ex parte Hale, 6 So.3d 452, 458 n. 5 (Ala.2008); and Little v. Consolidated Publ’g Co., 83 So.3d 517, 525 (Ala.Civ.App.2011).

. Sweatman did make an argument regarding his First Amendment claim in his reply brief. Because he did not make that argument in his initial brief, however, we do not consider it. Dunn v. Davenport, 958 So.2d 873, 876 n. 2 (Ala.Civ.App.2006) (declining to consider additional arguments made for the first time in appellant's reply brief); Huntley v. Regions Bank, 807 So.2d 512, 515 n. 2 (Ala.2001) (appellant’s additional arguments regarding denial of motion to compel arbitration were not considered because they were not raised in the initial brief).